This was an action of Trover to recover the value of a negro man named Dave.
It appeared in evidence that the negro in question had been purchased by the plaintiff of William Roberts, one of the defendant's sons, who had executed to the plaintiff a bill of sale therefor. Whereupon the defendant introduced the son to prove that Dave was the property of the defendant, and that he had been sold without authority from him.
Dickinson, for the plaintiff, objected that William Roberts, the son, was not a competent witness because of his interest in this suit; and also upon the ground that he should not be permitted to destroy his own deed or prove his own turpitude. 2 Bac. Abr. 584; 2 T. R. 63; 4 T. R. 678. But it was answered by
Whiteside and Cooke, for the defendant, that he was not so immediately to be a gainer or loser by the event of the suit as to exclude the testimony, particularly as his interest was equal. 1 Pea. Ev. 102; 1 Hen. Mun., 154; 2 Call. 232; 1 Str. 35; 1 T. R. 164; 4 T. R. 480. Neither can he be excluded upon the ground of his being estopped by his own deed. That rule only applies to papers of a highly commercial character; and even then *Page 351 
the rule has been much relaxed. 7 T. R. 604; 1 Pea. Ev. 128; 1 Hen. Mun. 154.
There is a great clashing in the decisions upon what shall and what shall not exclude a witness; but I consider the present question settled by the modern adjudications. The case of Jourdan v. Lashbrook, 7 T. R. 604, in principle settles both the objections that have been made to the admission of the testimony of William Roberts; and when I add to this the determination of the Court of Appeals of Virginia, 1 Hen Mun. 154, and a decision of the Supreme Court of Connecticut reported by Day, I feel prevented by precedent from declaring this witness to be incompetent. But I am perfectly satisfied that these cases have been properly adjudged. The witness offered has an equal interest each way; and I can see no solid reason nor any good authority for saying that he shall be estopped from giving evidence by his own deed. This is not one of those cases where such a rule ever obtained.
M'Nairy, J. I feel a considerable aversion to the admission of the evidence offered, principally upon the ground that a witness ought not to be permitted to show his own turpitude. I am not satisfied that the testimony ought to be received, nor do I feel any conclusive opinion either way, but I am most inclined to reject it.
Objection overruled by a division of the Court.
The defendant then proved by the witness aforesaid and other testimony, that the negro in question belonged to him; that in the year 1808 William Roberts, who then resided near Nashville, wrote to his father who lived near Lexington in Kentucky, to send him Dave to assist him in making powder, and that he would pay his father Dave's hire. Dave was sent accordingly; and on the morning he started the defendant's wife proposed to the defendant that Dave should be given to William, but he refused. The negro remained about two years in the possession of William before he sold him to the plaintiff, during which time he was generally considered as the property of William Roberts, but some persons *Page 352 
had heard him say that Dave belonged to his father.
Dickinson urged that, as between the father and an innocent purchaser without notice, it ought to be presumed that this was a gift to the son. 1 Hay. Rep. 97; 2 Hay. Rep. 72; and that upon the general doctrine of bailment, the right of the defendant was divested. The son had a special property in the negro, and might have sued any person in his own name for a violation of that property. And if he could sue any person who trespassed upon his possession, there can be no reason why he might not sell; because a recovery against a third person of the value of the negro, would be as much a divestiture of the defendant's title as a sale. 2 Bl. Com. 449-452; 2 Saund. 47, note b.
But it was answered by the defendant's counsel that when a man parts with a limited qualified property in a thing, he does not thereby part with the general right of ownership; and that a mere breach of trust by a bailee could not deprive the real owner of his right. Stump stands in the same situation with William Roberts, upon the ground that no man can part with an interest which he has not, and because a purchaser buys the title of the vendor. Hardin's Rep. 531.
Todd. J. How far a bailee may dispose of property intrusted to his care has frequently been a matter of doubt. My own opinion is that it will not confer upon him the right to sell. When one man hires or loans his property to another he does not part with his right to it, nor will his title be injured by any sale which may be made by the bailee. It is so understood in the country generally; because no man when he hires or loans his property, either to make profit thereby or from a spirit of accommodation, imagines that by doing so he is liable to forfeit his claim altogether if the person to whom he hires or loans it chooses to act dishonestly. It would be most absurd to suppose that if the real owner parts with a limited, qualified, and conditional right to his property, a subsequent purchaser throught the means *Page 353 
of a breach of trust on the part of the bailee can divest him of the thing so intrusted altogether. If such were the law no man would be safe, and it would at once sap the foundation of all spirit of accommodation.
The proper inquiry therefore will be, was this a gift? If the jury believe it was, then the sale to Stump is legal and will vest him with a good title. But if from the whole of the evidence the jury should be of opinion that Dave was hired or loaned to William Roberts, the title of the defendant can not be considered as divested by his sale to the plaintiff. Hardin's Rep. 531.
It is true as has been argued by the counsel for the plaintiff, that where a father sends property to his son or son-in-law, and says nothing about the way in which he is to have it, the law will presume it to be a gift; but the presumption only holds in the absence of proof showing a contrary intention.
M'Nairy, J. The question presented to the consideration of the Court is a new one, and possesses considerable difficulty. As a general rule it is unquestionably true that the possession of personal goods is to be considered as evidence of title; and it seems to me that, except in cases where the possession has been acquired by fraud or felony, a purchasebond fide made of the person in possession will confer upon the purchaser a good title. This opinion, however, is expressed with considerable hesitation, and I am by no means clear that it is correct. I entertain no decided opinion upon the question.
The jury found for the defendant.