Peck, J.
delivered the opinion of the court.
Were the negroes a gift to Bass? This must depend upon the evidence. For the plaintiff, principal reliance is upon the presumption arising from the fact of the negroes having gone with Bass and wife at the time of the marriage; and this presumption, if not removed, is sufficient in itself, to fix the property in Bass; and the decisions on this point, which have been uniformly one way, are not intended to be disturbed in the least. But has the presumption above mentioned, been removed by proof made out for the defendant? To disprove it, two witnesses are introduced, and they are consistent with each other in making out the de-fence. The manner of parting with these slaves is not only proved, but an express negative of a gift is shown; there was a declaration of the father-in-law before parting with the negroes, that they would not be given to Bass; and the witnesses prove they were not. This proof coming from witnesses, is more conclusive than the presumption, and accords with the answer. Besides this proof, the father-in-law set up his *61 claim so soon as there was a likelihood of danger touching this property.
Washington and F. B. Fogg, for complainant.
Gibbs, Balch and Thompson, for defendants.
To this point, we think the case of the Bank vs. Jno. Stump and others,(a) very much in point, and rely upon it as an authority applicable.
Has length of time operated to establish the right to the property in Bass? The complainant has the affirmative of this proposition, and should have shown satisfactorily, that three years had elapsed; there is no proof of the length of time the negroes were in the possession of Bass. We are not satisfied that three years had elapsed, so as to give Bass the right by operation of the statute; nor is there evidence that Bass held the slaves adversely.
The plaintiff having failed upon the only points that could avail Mm, the decree of the chancellor dismissing the bill, must be affirmed.
Bill dismissed.

 Decided January term, 1826, by this court.