In re Randal Wallace HALL, Bankrupt.

John C. McLEMORE, Plaintiff,

v.

FIRST AMERICAN NATIONAL BANK and Randal Wallace Hall, and Gordon Wallace Hall, Defendants.

Bankruptcy No. 79–31366.

United States Bankruptcy Court, M. D. Tennessee.

June 20, 1980.

John C. McLemore, Nashville, Tenn., pro se.

Robert L. Taylor, Nashville, Tenn., for defendants Randal Wallace Hall and Gordon Wallace Hall.

Clenna H. Groom, Nashville, Tenn., for defendant First American National Bank.

## MEMORANDUM

RUSSELL H. HIPPE, Jr., Bankruptcy Judge.

The bankrupt and his father were collectors of American coins. In 1963 they rented a safe-deposit box at the Tenth and Woodland Branch of First National Bank in Nashville. Both the bankrupt and his father received keys and had access to the box. In addition to various family papers, coins belonging to the bankrupt and his father individually and jointly were kept in the box. Prior to the bankrupt's marriage in 1974, the father rented a separate safe-deposit box to which only he had access and transferred into it several but not all of the coins belonging to him. When he rented this box, the father turned over his key to the joint box to the bankrupt, and thereafter only the bankrupt had access to that box. The father subsequently purchased additional coins that were delivered to the bankrupt and deposited in the bankrupt's box.

The bankrupt closed his box at the Tenth and Woodland Branch when he married in 1974. On May 2, 1975, he transferred all of the contents of that box into a new safe-deposit box that he rented at the bank's Lebanon Road Branch. The father had no key to the bankrupt's new box and had no access to it. In December 1977 the bankrupt withdrew several coins from the Lebanon Road Branch box and sold them. When the bankrupt fell into arrears in his rental pay-

ments for use of the box, the bank in June 1978 removed, inventoried, and sequestered its contents.

The bankrupt filed a voluntary petition with this court on August 6, 1979. In the schedules accompanying his petition, the bankrupt indicated that he was not holding any property for another person.

On January 11, 1980, the trustee filed a complaint requesting that the bank turn over to him the contents of the Lebanon Road Branch box. Answers were filed by the bank and the bankrupt. The bankrupt answered that the coins left in the box were owned by his father. Attached to his answer was an affidavit by his father to that effect. Neither the bankrupt nor the father appeared when the matter came on to be heard on March 5, 1980. After hearing testimony from an employee of the bank, the court entered a judgment for the trustee and directed the bank to turn the coins over to the trustee.

There is now before the court the motion of the bankrupt to set aside the judgment of March 5 on the ground that copies of the summons, complaint, and notice were not properly served upon counsel for the bankrupt as required by Rule 704(c)(9) of the Federal Rules of Bankruptcy Procedure. A hearing was held at which the bankrupt and his father testified. Assuming that the judgment should be set aside, do the foregoing facts establish a claim to the coins by the father superior to that of the trustee?

■ The trustee is vested with title to all property of the bankrupt's that prior to the filing of the petition the bankrupt could by any means have transferred or that might have been levied upon and sold under judicial process or otherwise seized, impounded, or sequestered by his creditors. 11 U.S.C. § 110(a)(5) (1979). State law governs the determination of ownership rights in property. *Central States Corp. v. Luther (In re Garden Grain & Seed Co.)*, 215 F.2d 38, 41 (10th Cir. 1954), *cert. denied*, 348 U.S. 951, 75 S.Ct. 438, 99 L.Ed. 743 (1955); *Arnold v. Phillips (In re Southern Brewing Co.)*, 117 F.2d 497, 500 (5th Cir.), *cert. denied*, 313 U.S. 583, 61 S.Ct. 1102, 85 L.Ed. 1539 (1941);

4A Collier, Bankruptcy ¶¶ 70.07[1] n. 8, 70.-18[3] (14th ed. 1978).

■ When a parent places personalty in the possession of a child without any explanation as to the manner in which the latter is to hold and use the property, the law presumes the transfer to be a gift in the absence of proof showing a contrary intention. *See Stump v. Roberts*, 3 Tenn. (1 Cooke) 350 ([6th Cir.] 1813); *McKissick v. McKissick*, 25 Tenn. (6 Hum.) 75 (1845); *Wade v. Green*, 22 Tenn. (3 Hum.) 547 (1842); *Stewart v. Cheatham*, 11 Tenn. (3 Yer.) 60 (1832). The Tennessee rule is consistent with the view followed in numerous other jurisdictions that an unexplained transfer of property from a parent to a child raises a rebuttable presumption that a gift was intended. Annot., 94 A.L.R.3d 608, 612–17 (1979).

■ By statute, Tennessee converts this rebuttable presumption into a conclusive presumption when possession has continued for a period of five years:

> Possession of goods and chattels continued for five (5) years, without demand made and pursued by due process of law, shall, as to the creditors of the possessor or purchasers from him, be deemed conclusive evidence that the absolute property is in such possessor, unless the contrary appear by bill of sale, deed, will, or other instrument in writing, proved or acknowledged and registered.

Tenn.Code Ann. § 64–303 (1976). This "ostensible ownership" statute is a creditors' statute, not a statute of adverse possession, in that it creates no rights in the possessor of the property but only in his creditors. Walker, *The Collection of Debts from Insolvent and Fully-Mortgaged Debtors*, 43 Tenn.L.Rev. 399, 423–24 (1976). In the latest reported decision that this court has located, the Tennessee Court of Appeals held that a bankruptcy trustee could not invoke application of the statute to set aside a transfer by the bankrupt prior to the filing of his petition. The court noted, however, that

> [i]f possession . . . had continued until the filing of [the] petition in bankruptcy, then creditors' rights would have become fixed and the presumption created by statute would have prevailed, provided it be shown that such possession had been continuous for a period of five years preceding the date of such bankruptcy.

*Thach v. Brown Knitting Co.*, 23 Tenn.App. 317, 132 S.W.2d 228, 235 (1939).

The coins at issue in this proceeding have been under the bankrupt's exclusive control since the father relinquished his key to the joint box at the Tenth and Woodland Branch prior to 1974. Although the property has been in the actual possession of the bank since that time, the relationship between the bank and the bankrupt as lessee of the safe-deposit boxes was that of bailor and bailee. *Young v. First Nat'l Bank*, 150 Tenn. 451, 265 S.W. 681 (1924); 10 Am. Jur.2d *Banks* §§ 470, 473 (1963); 1 A. Scott, The Law of Trusts § 5.1 (2d ed. 1956). Because under the law of bailments the bankrupt as bailor retained control of all of the property placed in the boxes and because the bank at all times has held that property only for the bankrupt, the bankrupt has retained constructive possession of the contents of these boxes. *See* 8 Am. Jur.2d *Bailments* § 67 (1963); 1 Scott, Trusts, *supra*, at § 5.1. The possession by the bank is deemed to be possession by the bankrupt for the purpose of § 64–303 of the Tennessee Code. Between the time that he relinquished access to the coins sometime prior to 1974 and the filing of his affidavit with this court on February 15, 1980, the father never asserted, by legal means or otherwise, any ownership rights in the coins.

The court concludes, therefore, that the Tennessee "ostensible ownership" statute is applicable. The trustee is entitled to the coins.

Although the father has never filed a formal motion to intervene in this proceeding, his participation in this matter has been such that he shall be included as a party defendant for the purposes of this memorandum and judgment.

An appropriate order will be entered.

JUDGMENT

This matter came on the 1st day of April, 1980 on the motion of the bankrupt. Randal Wallace Hall, to set aside the judgment entered on March 5, 1980, awarding to the plaintiff trustee certain coins in the custody of the defendant, First American National Bank. The court proceeded to hear the evidence offered by the bankrupt and his father to the effect that the latter is the owner of said coins. In accordance with the Memorandum entered contemporaneously herewith,

It is ORDERED, ADJUDGED AND DE-CREED that the coins in the custody of the defendant, First American National Bank, which were removed from the safe-deposit box of the bankrupt, Randal Wallace Hall, are hereby determined to be property of the estate of said bankrupt and the judgment of March 5, 1980, requiring said bank to deliver said coins to the trustee is hereby reaffirmed; and

It is hereby ORDERED that Gordon Wallace Hall, the father of the said bankrupt is made a party to this proceeding and is accordingly bound by this judgment.