**In re Carla Ann FULTON and Donald Allen Fulton, Debtors.**

**Bankruptcy No. 92–21063–C.**

United States Bankruptcy Court,
W.D. Missouri, C.D.

Dec. 31, 1993.

### *MEMORANDUM OPINION*

FRANK W. KOGER, Chief Judge.

Debtors filed their petition for relief under Chapter 7 on November 24, 1992. Debtors had owned two businesses: Car–Don Energies of Stanberry, Inc. and Twin Lakes Propane of Warsaw, Inc. Both businesses had been engaged in the retail sale and distribution of butane and propane fuels. Most of the action in the case involved the disposal of the assets of Twin Lakes, but this particular proceeding involves the Car–Don operation.

To state it as briefly as possible, Car–Don was obligated to a local bank near Stanberry, Missouri. Either through quasi foreclosure or surrender in lieu of foreclosure, the assets of Car–Don ended up in the control of that bank or one of its officers. There were questions about the extent and the propriety of:

1. The bank's security interest;

2. The bank's actions in obtaining possession and/or title to the assets;

3. The pre petition transfers to the bank or its officers.

The largest unsecured creditor, Commonwealth Petroleum, requested that the Trustee proceed against the bank and/or its officers under 11 U.S.C. § 547 and § 548.

The Trustee consulted one Thomas Rost, a seasoned and experienced litigator, specializing in business and commercial litigation. Mr. Rost analyzed the known facts and essentially concluded that there were potential causes of action available to the Trustee. However, Mr. Rost also concluded that litigation of same would be quite complex and present a very difficult case. Mr. Rost declined to undertake any such litigation on a contingent basis.

The Trustee also offered prosecution of his claims to the counsel for Commonwealth Petroleum. That firm declined representation on a contingent basis. The Trustee now seeks to close the estate and to abandon any causes of action the estate has against the Bank of Stanberry and/or its officers. It is the Trustee's position that the prospect of recovery is so inauspicious and the likelihood of victory so ephemeral that it is in the best interest of all components of the estate that he forebear, if not forgive, any transgressions that seem unlikely to result in the application of green back poultice to the alleged injuries.

Commonwealth Petroleum filed formal objection to the closing of the estate without pursuit of the above described claims and the matter was heard on December 15, 1993.

■■■ Fortunately, the Court is not required to consult tea leaves, chicken entrails, nor signs of the moon to determine the likelihood of success on the part of the trustee in any such litigation. Instead, the Court is merely required to determine if the trustee has acted in an appropriate manner.

Two tests have been espoused by various courts. The more common and majority test is:

> Did the trustee exercise business judgment reflecting good faith upon a reasonable basis within the scope of the trustee's authority.

While there seems to be no circuit court opinions specifically on point, a number of bankruptcy courts have endorsed such a view. See *In re Wilson,* 94 B.R. 886 (Bkrtcy. E.D.Va.1989) or *In re Hartley,* 50 B.R. 852 (Bkrtcy.N.D.Ohio 1985) or *In re Curlew Valley Associates,* 14 B.R. 506 (Bkrtcy.D.Utah 1981) all containing detailed explanations of both the statutory language and the legislative philosophy involved.

One other test has been suggested. It is contained in an unpublished opinion by the District Court in Minnesota. *In re Laymon,* Civ. No. 6–89–235, 1989 WL 252447 (D.Minn. 1989). In that case, although the district court cited *Wilson* for the business judgment doctrine, it seemed to opine that the trustee owed an independent duty to retain burdensome property if he had obtained any "beneficial feature" from the property. In other words, the Trustee had to take the bad with the good on any property he had in the estate. Thus, there may be an exception to the general "business decision" doctrine in such circumstances.

■■■ Absent such a situation (and always cognizant that certain environmental problems cannot be abandoned), *In re Midlantic National Bank v. New Jersey Dept. of Envtl. Protection,* 474 U.S. 494, 106 S.Ct. 755, 88 L.Ed.2d 859 (1986) then the Court need only find that the trustee made: (1) a business judgment; (2) made in good faith; (3) upon some reasonable basis; and (4) within the trustee's scope of authority.

The Court finds that the Trustee's decision fulfilled all four of the above steps and that, therefore, the objection of Commonwealth Petroleum should be OVERRULED.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.