**In the Matter of CONSOLIDATED INDUSTRIES CORP., Debtor.**

No. 98–40533.

United States Bankruptcy Court,
N.D. Indiana,
Hammond Division.

April 8, 2005.

J. Joseph Bainton, New York, NY, John Burns, Fort Wayne, IN, for Plaintiff (Enodis).

Gordon Gouveia, Merrillville, IN and Catherine Steege, Chicago, IL, for Trustee (Daniel L. Freeland).

## DECISION

ROBERT E. GRANT, Bankruptcy Judge.

This case began when Consolidated Industries Corp. filed a voluntary petition for relief under Chapter 11. The efforts at reorganization failed and the case was eventually converted to Chapter 7. Enodis Corporation believes that the professionals who advised the debtor concerning the filing of the Chapter 11 and who represented it during the Chapter 11 process committed malpractice and that the officers and directors of the debtor who made the decision to retain those individuals breached their duties to the corporation. But for their actions, Enodis believes that the

debtor would have been able to successfully resolve and fully pay all of the claims brought against it and that it would be a thriving business today. It contends that the trustee should file suit against those individuals in order to recover the damages the estate has sustained due to their actions. The trustee sees things somewhat differently and has refused to do so, or at least has not done so to the extent demanded by Enodis. As a result, Enodis has brought two motions. The first is a motion for leave to file a derivative action, by which Enodis asks the court to authorize it to pursue the claims against the professionals who represented the debtor in connection with the chapter 11 case and the officers and directors who made the decision to retain them. The second is a motion to remove the trustee. The two motions are based upon the same facts and arguments; their only difference is the relief sought.[1] This matter is presently before the court on the trustee's motion for summary judgment. Although that motion was directed to Enodis' motion to remove the trustee, because the two motions have the same underlying foundation and differ only in the relief sought as a result of the conduct complained of, the court's decision to grant the trustee's motion for summary judgment also disposes of Enodis' motion for leave to file a derivative action.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact

and that the moving party is entitled to a judgment as a matter of law." Fed. R. Bankr.P. Rule 7056(c). Thus, summary judgment is essentially an inquiry as to "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

Initially, Rule 56 requires the moving party to inform the court of the basis of the motion and to identify "those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The non-moving party may oppose the motion with any of the evidentiary materials listed in Rule 56(c), but reliance on the pleadings alone is not sufficient to withstand summary judgment. *Posey v. Skyline Corp.*, 702 F.2d 102, 105 (7th Cir.), *cert. denied*, 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983). In ruling on a summary judgment motion, the court accepts as true the non-moving party's evidence, draws all legitimate inferences in favor of the non-moving party, and does not weigh the evidence and credibility of witnesses. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2511.

The first duty of a bankruptcy trustee is to "collect and reduce to money the property of the estate...." 11 U.S.C. § 704(1). Accordingly, the court agrees

---

1. The motion to remove the trustee was prompted when the court raised the question of whether the Supreme Court's decision in *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 13, 120 S.Ct. 1942, 1951, 147 L.Ed.2d 1 (2000), and particularly footnote 5, cast doubt upon the propriety of authorizing third parties to exercise powers

the Bankruptcy Code confers upon the trustee and suggested that proper remedy for a trustee's failure to pursue a cause of action belonging to the bankruptcy estate was not to authorize someone else to bring the action but to remove the trustee. *See e.g., In re Sun & Surf Apts. Inc.*, 253 B.R. 490, 494 (M.D.Fla. 1999).

with Enodis' core legal proposition that the unjustifiable failure to pursue a cause of action belonging to the bankruptcy estate constitutes not only a breach of the trustee's statutory duties but also "cause" to remove the trustee under § 324. 11 U.S.C. § 324(a). *See also, In re JKJ Chevrolet, Inc.*, 26 F.3d 481, 485–86 (4th Cir.1994); *In re Perkins*, 902 F.2d 1254, 1257–58 (7th Cir.1990); *In re EquiMed, Inc.*, 267 B.R. 530, 534 (D.Md.2001); *In re Ngan Gung Restaurant*, 254 B.R. 566, 574–75 (Bankr.S.D.N.Y.2000); *In re Sheehan*, 185 B.R. 819, 824 (Bankr.D.Ariz. 1995); *In re Prime Motor Inns, Inc.*, 135 B.R. 917, 919–20 (Bankr.S.D.Fla.1992); *In re Lundborg*, 110 B.R. 106, 108 (Bankr. D.Conn.1990). The issue presented by the trustee's motion for summary judgment is whether the facts of this particular case are sufficient to warrant the conclusion that the trustee's failure to prosecute the claims Enodis points to is unjustifiable and/or whether there is any genuine issue concerning the facts that may bear upon that conclusion.

Determining whether there are genuine issues of material fact concerning the trustee's duty as to the prosecution of the claims in question must begin with an understanding of the nature of that duty. Only after we understand the nature and scope of the trustee's duty to administer the assets of the estate can we determine whether there has been any dereliction of that duty. A bankruptcy trustee is not required to prosecute every cause of action belonging to the bankruptcy estate. *Koch Refining v. Farmers Union Cent. Exchange, Inc.*, 831 F.2d 1339, 1346–47 (7th Cir.1987); *In re Reed*, 178 B.R. 817, 821 (Bankr.D.Ariz.1995). Instead, the trustee is given a substantial degree of discretion in deciding how best to administer the estate committed to his care and his actions are measured by a business judg-

ment standard. *In re Fulton*, 162 B.R. 539, 540 (Bankr.W.D.Mo.1993); *In re Cult Awareness Network, Inc.*, 205 B.R. 575 (Bankr.N.D.Ill.1997); *In re Curlew Valley Associates*, 14 B.R. 506, 513 (Bankr. D.Utah 1981); *Ford Motor Credit Co. v. Weaver*, 680 F.2d 451 (6th Cir.1982). So long as the trustee's decision concerning how or whether to administer an asset or to pursue a cause of action falls within the proper scope of the trustee's business judgment, the trustee's decision will be upheld. *In re Cult Awareness*, 205 B.R. 575; *In re Fulton*, 162 B.R. at 540; *In re Wilson*, 94 B.R. 886, 888 (Bankr.E.D.Va. 1989).

It should be axiomatic that the same decision cannot simultaneously be both unjustifiable and constitute a proper exercise of the trustee's business judgment. Furthermore, cause to remove a trustee cannot be found in actions that fall within the proper scope of the trustee's discretion and which do not represent some type of misconduct. If the trustee's actions are appropriate when measured by the proper standard, there is no cause to remove the trustee. As applied to the present dispute, this means that if the decision not to pursue an action against the debtor's former officers, directors and attorneys falls within the scope of the trustee's business judgment, the court should not consider removing the trustee, because the same decision cannot simultaneously be both a proper exercise of the trustee's discretion and cause for removal.

As the one seeking to remove the trustee, Enodis bears the ultimate burden of proving that cause exists to do so. *In re Cult Awareness*, 205 B.R. 575; *In re Alexander*, 289 B.R. 711, 714 (8th Cir. BAP2003). To carry this burden it will not be sufficient for it to prove that the trustee has failed to prosecute a cause of action belonging to the bankruptcy estate.

Instead, it will be required to prove that the trustee's failure to do so is *unjustifiable* or somehow outside the proper scope of the trustee's business judgment. The trustee's motion for summary judgment challenges Enodis' ability to come forward with evidence that would enable it to satisfy this burden. Although it was not required to do so, the trustee has come forward with facts that actually prove the converse of Enodis' case. *See, Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In other words, rather than simply filing a motion asserting that Enodis will not be able to prove its case at trial, the trustee has come forward with an explanation of why he reached the decisions he has where the prosecution of these actions is concerned and with facts that demonstrate the decision not to pursue the actions in question falls within the proper scope of the trustee's business judgment. *In re Cult Awareness*, 205 B.R. at 575. In response, Enodis has not come forward with evidence that attempts to controvert the material facts upon which the trustee's motion is based or which would somehow tend to suggest that the trustee's decision not to prosecute was improper.[2] Indeed, Enodis did not even articulate an argument as to why the trustee's decision was unjustifiable. Instead, all Enodis has done is assert that it disputes the trustee's rationale and state that it wants the opportunity to take discovery.

There is "no absolute right to additional time for discovery under Rule 56."

*Emmons v. McLaughlin*, 874 F.2d 351 (6th Cir.1989). Instead, the question is a matter committed to the court's discretion. *U.S. v. On Leong Chinese Merchants Ass'n Building*, 918 F.2d 1289, 1294 (7th Cir.1990); *Hermes v. Hein*, 742 F.2d 350, 355 (7th Cir.1984). *See also, American Lease Plans Inc. v. Silver Sand Company of Leesburg Inc.*, 637 F.2d 311, 317–18 (5th Cir.1981). As observed by the Seventh Circuit:

> Rule 56(f) is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious. A party invoking its protections must do so in good faith by affirmatively demonstrating why he cannot respond to movant's affidavits ... and how postponement of a ruling on the motion will enable him by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact. *U.S. v. On Leong*, 918 F.2d at 1295 (quoting *Korf v. Ball State University*, 726 F.2d 1222, 1230 (7th Cir.1984)).

If it is viewed in a complete vacuum, Enodis' request for discovery may not seem to be an unreasonable one given the timing of the trustee's motion for summary judgment in relation to the date of the original hearing on Enodis' motion to remove. Yet, that request should not be viewed in complete isolation but must be placed in the overall context of the entire case, and, when that is done, the request is not reasonable. In one fashion or another,

---

**2.** The court recognizes that Enodis has filed a statement of genuine issues identifying facts that are disputed. It has not, however, done anything in its brief to explain how those disputed facts have a bearing on the court's decision; it has failed to explain how those facts are *material*. To prevent summary judgment it is not enough to show that there is a factual dispute, that dispute must also involve material facts. Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit. *Anderson*, 106 S.Ct. at 2510. Disputes over irrelevant or unnecessary facts do not preclude summary judgment. *Id.See also, Egger v. Phillips*, 710 F.2d 292, 296 (7th Cir.1983); *In re Canganelli*, 132 B.R. 369, 376 (Bankr. N.D.Ind.1991).

Enodis had been complaining about the trustee's failure to prosecute various actions for almost two years prior to filing its motion to remove the trustee: its first motion raising the issue was filed on August 8, 2000. Furthermore, the nature of the issues presented by the motion to remove the trustee—the existence of claims against third parties, the viability of those claims and legal theories supporting them and the wisdom or lack thereof in prosecuting them—are matters which should be readily accessible to the legal community. They do not involve arcane issues or obscure disciplines. Given this, one would think that if Enodis' claim had any merit, it should have been able to come up with *some* evidence in response to the trustee's motion. This is especially so given the explanation that the trustee submitted. Not only has Enodis failed to come forward with any evidence tending to prove that the trustee's decision not to prosecute was unjustifiable but it has not even advanced an argument as to why this would be so. It merely says that it wants time for discovery. It has not suggested anything definitive as to what it thinks that additional time might enable it to produce; neither has it explained why, under the circumstances presented in this case, it is not able to respond to the trustee's motion without discovery. If its arguments had any factual basis, at a minimum Enodis should have been able to come forward with some type of expert or legal opinion based upon the information available to it suggesting that the trustee's decision was unjustifiable and, if this was not possible, identifying any areas where further inquiry was needed.

Given the overall history of the present dispute between Enodis and the trustee, the court is of the opinion that Enodis has had sufficient time to be able to produce evidence tending to support its contention that the trustee's decision not to prosecute certain claims belonging to the bankruptcy estate was unjustifiable. Since it has not done so and it bears the burden of proving that fact at trial, the court finds that there is no genuine issue of material fact, the trustee's motion for summary judgment should be granted and Enodis' motions should be denied. An appropriate order will be entered.