RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19b0004p.06

# BANKRUPTCY APPELLATE PANEL

## OF THE SIXTH CIRCUIT

In re: EARL BENARD BLASINGAME; MARGARET GOOCH BLASINGAME,

*Debtors.*

_____

CHURCH JOINT VENTURE, L.P.,

*Plaintiff-Appellant* (18-8010),

*Plaintiff - Appellant/Cross-Appellee* (18-8013 & 18-8018),

> Nos. 18-8010/8013/8018

*v.*

BETTYE SUE BEDWELL, Chapter 7 Trustee,

*Defendant-Appellee* (18-8010),

EARL BENARD BLASINGAME, et al.,

*Defendants-Appellees* (18-8010)

*Defendants-Appellees/Cross-Appellants* (18-8013 & 18-8018).

Appeal from the United States Bankruptcy Court
for the Western District of Tennessee at Memphis.
No. 08-28289; Adv. Pro. 15-00021—Jennie D. Latta, Judge.

Argued: February 12, 2019

Decided and Filed: April 15, 2019

Before: OPPERMAN, PRICE SMITH, and WISE, Bankruptcy Appellate Panel Judges.

_____

## COUNSEL

**ARGUED:** Bruce W. Akerly, MALONE AKERLY MARTIN PLLC, Dallas, Texas, for Church Joint Venture. Michael P. Coury, GLANKLER BROWN, PLLC, Memphis, Tennessee, for Earl Benard Blasingame, et al. **ON BRIEF:** Bruce W. Akerly, MALONE AKERLY MARTIN PLLC, Dallas, Texas, for Church Joint Venture. Michael P. Coury, GLANKLER BROWN,

PLLC, Memphis, Tennessee, for Earl Benard Blasingame, et al.  Bettye Sue Bedwell, Memphis, Tennessee, for Trustee.

—————————————

## OPINION

—————————————

DANIEL S. OPPERMAN, Chief Bankruptcy Appellate Panel Judge.  Church Joint Venture ("CJV") appeals the bankruptcy court's decision determining that a lawsuit had inconsequential value to the bankruptcy estate and allowing the Trustee, Edward Montedonico, ("the Trustee") to abandon the lawsuit.  The Blasingames[1] filed a cross appeal of a prior order denying dismissal of the lawsuit, which was interlocutory until the conclusion of the case.  For the reasons stated below, the bankruptcy court's decisions are **AFFIRMED**.

## STATEMENT OF ISSUES ON APPEAL

While the parties have listed multiple issues in their appellate briefs, the Panel finds that the following issues have been preserved and are to be decided in these cross-appeals:

1. Whether the bankruptcy court erred in granting the Trustee's motion to abandon a declaratory judgment claim in an adversary proceeding concerning whether certain personal property constituted property of the Debtors' bankruptcy estate.

2. Whether the bankruptcy court erred by admitting the Trustee's exhibits into evidence at the hearing on the motion to abandon when the Trustee moved to admit those exhibits to help establish the factual basis upon which he exercised his business judgment in deciding to seek abandonment.

3. Whether the bankruptcy court erred when denying the Blasingames' motions in the adversary proceeding to dismiss the declaratory judgment claim based on a purported failure to state a claim and the statute of limitations.

---

[1]This opinion will use "the Blasingames" to refer collectively to the named defendants in the adversary proceeding.  When referring only to Earl and Margaret Blasingame it will use "the Debtors."

## JURISDICTION AND STANDARD OF REVIEW

The United States District Court for the Western District of Tennessee has authorized appeals to the Panel, and no party has timely filed to have this appeal heard by the district court. 28 U.S.C. §§ 158(b)(6), (c)(1). A final order of the bankruptcy court may be appealed as of right. 28 U.S.C. § 158(a)(1); *Midland Asphalt Corp. v. U.S.*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (quotation marks and citation omitted). The Sixth Circuit recently prescribed a two-step approach to determining whether an order of a bankruptcy court is immediately appealable under 28 U.S.C. § 158(a)(1): "a bankruptcy court's order may be immediately appealed if it is (1) 'entered in [a] ... proceeding' and (2) 'final'— terminating that proceeding." *Ritzen Group, Inc. v. Jackson Masonry, LLC* (*In re Jackson Masonry, LLC*), Nos. 18-5157/5161, 906 F.3d 494, 497–98, 2018 WL 4997779, at *1 (6th Cir. Oct. 16, 2018).

The orders before the Panel include an order granting the Trustee's motion to abandon the litigation and an order dismissing the adversary proceeding. Both orders were entered in a proceeding. Further, these orders fully dispose of the adversary proceeding. *Geberegeorgis v. Gammarino* (*In re Geberegeorgis*), 310 B.R. 61, 63 (B.A.P. 6th Cir. 2004) ("[A]n order that concludes a particular adversarial matter within the larger case should be deemed final and reviewable in a bankruptcy setting.") (citations omitted)). "An order to abandon property of the estate is a final order for purposes of appeal." *In re DeGroot*, 484 B.R. 311, 313 (B.A.P. 6th Cir. 2012).

An "order of abandonment will be reviewed under an abuse of discretion standard." *Stark v. Moran* (*In re Moran*), 385 B.R. 799 (B.A.P. 6th Cir. 2008) (citing *Viet Vu v. Kendall* (*In re Viet Vu*), 245 B.R. 644, 647 (B.A.P. 9th Cir. 2000)). "An abuse of discretion occurs only when the [trial] court relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard." *Id.* (quoting *Volvo Commercial Fin. LLC the Ams. v. Gasel Transp. Lines, Inc.* (*In re Gasel Transp. Lines, Inc.*), 326 B.R. 683, 685 (B.A.P. 6th Cir. 2005) (citation omitted)). The bankruptcy court's decision to admit evidence is also reviewed for an abuse of discretion. *See In re Felix*, 582 B.R. 915, 918–19 (B.A.P. 6th Cir. 2018); *Lebovitz v. Hagemeyer* (*In re Lebovitz*), 360 B.R. 612, 615–16 (B.A.P. 6th Cir. 2007).

The Blasingames filed a cross-appeal of the bankruptcy court's December 7, 2015 order denying their motion to dismiss the adversary proceeding. The order denying the Blasingames' motion to dismiss was not a final order for purposes of appeal when it was entered because it did not end the litigation.

> Nonfinal orders merge with the final judgment in a case and may be appealed by filing a timely notice of appeal of the final judgment. *Cattin v. Gen. Motors Corp.*, 955 F.2d 416, 428 (6th Cir. 1992) ("[I]t is well settled in this circuit that an appeal from a final judgment draws into question all prior non-final rulings and orders.").

*GMAC v. Flynn* (*In re Midway Motor Sales, Inc.*), Nos. 08-8109, 08-8010, 2009 WL 1940719 (B.A.P. 6th Cir. July 9, 2009). After the order granting summary judgment was timely appealed, the interlocutory order denying the prior motion to dismiss became subject to this Panel's review. It is reviewed de novo because the Blasingames contended that CJV's complaint failed to state a claim upon which relief could be granted and was barred by the statute of limitations. These arguments raise questions of law. *See*, *e.g.*, *Yeary v. Goodwill Industries- Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997); *Florado Partners, LLC v. Gollehon* (*In re Gollehon*), BAP No. CO-14-031, 2015 Bankr. LEXIS 1337, at *11-13 (B.A.P. 10th Cir. April 17, 2015) (reviewing denial of motion to dismiss de novo because "[t]he issues raised on appeal here are legal ones").

## FACTS

The Debtors filed a chapter 7 bankruptcy petition on August 15, 2008. In the decade since, there has been extensive litigation between the Blasingames and CJV. The current appeals arise from Adversary Proceeding No. 15-00021, (the "Personal Property Action" or "PPA") which CJV filed and was eventually granted derivative standing to pursue on behalf of the bankruptcy estate.

In the Personal Property Action, CJV sought a declaratory judgment that personal property located at, in, and around the home where the Debtors reside is property of the bankruptcy estate. The Debtors assert, as they have throughout the entire bankruptcy proceeding, that the personal property is held in trust or belongs to other people, such as their children, and is not property of the bankruptcy estate.

The Debtors filed an answer and a motion to dismiss the complaint. The Debtors asserted both that CJV lacked standing to bring the complaint and that the complaint failed to state a claim upon which relief could be granted. The bankruptcy court conducted a hearing, following which it entered an order granting CJV derivative standing to pursue the PPA and allowing fourteen days for CJV to file an Amended Complaint. (Order Granting Amended Mot. for Order Authorizing Church Joint Venture to Pursue, on a Derivative Basis, Estate Claims and/or Causes of Action Relating to Personal Property of Debtors ("Derivative Standing Order") Case No. 08-28289 ECF No. 633, Sept. 16, 2015.) After CJV filed the Amended Complaint, the Blasingames filed additional motions to dismiss, asserting that the complaint failed to state a claim, was barred by the statute of limitations, and other grounds for dismissal not relevant here. The bankruptcy court denied the motions. (Order Denying Motions to Dismiss ("Order Denying MTD") Adv. Pro. No. 15-00021 ECF No. 68, Dec. 7, 2015).

After discovery was completed, the Trustee filed a motion to abandon the PPA. (Trustee's Mot. to Abandon, Case No. 08-28289 ECF No. 678, Feb. 20, 2018 ("Mot. to Abandon").) The Trustee argued that upon the conclusion of discovery, it became clear that, even if the personal property was property of the bankruptcy estate, it was only worth approximately $200,000, as opposed to more than one million dollars as CJV had asserted when it sought derivative standing. The Trustee argued that in his business judgment, proceeding with the litigation would not benefit unsecured creditors because the IRS had a tax lien in far excess of the value of the personal property. The Trustee also asserted that the litigation ultimately could result in a loss to the estate even if successful based on administrative expenses (including the legal fees advanced by CJV) and costs associated with liquidating the property at issue. The Blasingames joined in the Trustee's motion to abandon the litigation.

CJV objected to abandonment, arguing that it was premature for the Trustee to seek abandonment of the PPA prior to a determination whether the personal property belonged to the estate. CJV argued that there was no real way to know whether the property would be beneficial to the estate until after the property was brought into the estate. CJV asserted that because it had been granted derivative standing to bring the litigation, the cause of action itself was no longer property of the bankruptcy estate. CJV objected to the Trustee's introduction of exhibits into

evidence which demonstrated the value of the personal property, arguing that they were not relevant to the determination of whether the personal property was property of the estate. CJV also objected to the Blasingames' participation in the hearing on the motion.

The bankruptcy court agreed with the Trustee and granted the motion for abandonment. (Order Granting Trustee's Motion to Abandon and Denying Church Joint Venture's Motion for Permission to File a Surreply ("Abandonment Order") Case No. 08-28289 ECF No. 692, Apr. 10, 2018.) A few weeks later, the court dismissed the adversary proceeding. (Order Granting Motion to Dismiss ("Dismissal Order") Adv. Pro. No. 15-00021 ECF No. 164, May 4, 2018.) CJV timely appealed both orders. The Blasingames filed a timely cross-appeal from the Order Denying MTD, asserting that the bankruptcy court erred in failing to grant their motion to dismiss the PPA in December 2015.

## DISCUSSION

A. <u>Appeal of Order Allowing Abandonment and Order Dismissing Adversary Proceeding</u>

The Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554 (a).

In the case on appeal, the Trustee filed a motion "to abandon any of the Bankruptcy Estate's claims to the Debtors' personal property set forth in Adversary 15-21[.]" (Mot. to Abandon at 1.) At the hearing on the motion, the Trustee stated: "[w]e had an order that the trustee or any party in interest may file a motion to prevent abandonment of the cause of action set forth in the amended complaint so that's why we're here today with that." (Tr. of March 22, 2018 Hr'g ("Tr.") 5:5-9, Case No. 08-28289 ECF No. 701.) The Trustee argued that in his business judgment the lawsuit was burdensome to the estate and/or of inconsequential value because even if the lawsuit determined that the personal property belonged to the estate, liquidation of the personal property would provide no benefit to unsecured creditors due to tax liens and administrative expenses.

1.  The PPA was property of the bankruptcy estate.

It is axiomatic that certain causes of action are themselves property of the bankruptcy estate.  In certain cases, a lawsuit or litigation is property of the estate because a debtor had a cause of action prior to filing a bankruptcy petition, and the debtor's interest in that litigation came into the bankruptcy estate upon filing.  *Tyler v. DH Capital Mgmt., Inc.*, 736 F.3d 455, 462 (6th Cir. 2013) ("[A]ll causes of action that hypothetically could have been brought pre-petition are property of the estate.")  Examples of this include tort litigation based on a pre-petition injury and pre-petition breach of contract claims.  In other cases, a cause of action arises out of the bankruptcy code itself, such as a preferential transfer or a fraudulent conveyance action.  *Official Comm. of Unsecured Creditors of Appalachian Fuels, LLC v. Energy Coal Res., Inc.* (*In re Appalachian Fuels, LLC*), 472 B.R. 731, 741 (E.D. Ky. 2012) ("Plaintiff's fraudulent conveyance and preference claims 'arise under' the Bankruptcy Code[.]").

CJV concedes that the bankruptcy court "had jurisdiction over the PPA because its purpose was to determine whether certain property constituted property of the Debtor's bankruptcy estate."  (Appellant Br. at 18-19, BAP Case No. 18-8010 ECF No. 16.)  Inexplicably, however, CJV argues that the bankruptcy court "lacked jurisdiction to determine whether [the PPA] should be abandoned."  *Id.*  CJV even goes so far as to claim "[t]he trustee could not abandon the PPA because the PPA itself was not property of the Debtors' Bankruptcy Estates."  *Id.*  CJV argues that because "the PPA is an adversary proceeding which was commenced by Appellant after the Case was filed [,] [t]he PPA does not constitute 'property of the estate.'"  *Id.* at 20.

The present case involves litigation to determine whether certain personal property is property of the bankruptcy estate.  This litigation arises from the filing of the bankruptcy case itself.  Thus, the PPA is property of the estate.  Moreover, the Derivative Standing Order expressly recognizes that the PPA is property of the bankruptcy estate.  It authorizes CJV "to investigate and prosecute claims and/or causes of action, on a derivative basis, which *the bankruptcy estate and Trustee may have* against" the Blasingames. (Derivative Standing Order at ¶ 2 (emphasis added).)  It also directs that the litigation will remain property of the bankruptcy estate, even though CJV was granted standing to pursue it.  *Id.* at ¶ 2.a. ("All of the Claims at

issue will remain and continue to be property of the Debtors' bankruptcy estates"). CJV's argument is wholly without merit.

> 2. <u>The bankruptcy court did not abuse its discretion by granting the Trustee's motion to abandon the cause of action</u>.

Section 554(a) of the Bankruptcy Code allows a trustee, after notice and a hearing, to abandon property that is of inconsequential value and benefit to the estate. The trustee's power to abandon property is discretionary. *See First Nat'l Bank v. Lasater*, 196 U.S. 115, 118–19, 25 S. Ct. 206, 207–08 (1905*); In re K.C. Mach. & Tool Co*., 816 F.2d 238, 246 (6th Cir. 1987); *In re Interpictures, Inc*., 168 B.R. 526 (Bankr. E.D.N.Y. 1994).

> Courts defer to the trustee's judgement [*sic*] and place the burden on the party opposing the abandonment to prove a benefit to the estate and an abuse of the trustee's discretion. *Interpictures, Inc*., at 535. The party opposing the abandonment must show some likely benefit to the estate, not mere speculation about possible scenarios in which there might be a benefit to the estate.

*In re Slack*, 290 B.R. 282, 284 (Bankr. D.N.J. 2003) (citing *In re Cult Awareness Network, Inc*., 205 B.R. 575, 579 (Bankr. N.D. Ill. 1997), *aff'd*, 112 F. App'x 868 (3d Cir. 2004)). The bankruptcy court correctly cited the standard for determining whether to approve a trustee's motion for abandonment. "The court only needs to find the trustee made: 1) a business judgment; 2) in good faith; 3) upon some reasonable basis; and 4) within the trustee's scope of authority." (Abandonment Order at 4, citing *Slack*, 290 B.R. at 284.) *See also In re Fulton*, 162 B.R. 539, 540 (Bankr. W.D. Mo. 1993) (majority test asks "Did the trustee exercise business judgment reflecting good faith upon a reasonable basis within the scope of the trustee's authority[?]"); Collier on Bankruptcy, 15th ed., rev. ¶ 554.02[4] (same).

At the March 22, 2018 hearing, the bankruptcy court explained the scope of its inquiry: "This is not a hearing in which I'm going to determine what the value of the personal property of the estate is. This is a hearing [where] I am reviewing the business judgment of the trustee who was appointed in this case almost ten years ago[.]" (Tr. 24:6-11.) The bankruptcy court also advised CJV that, to succeed on its objection, it would have to prove a benefit to the estate and that such abandoning would be an abuse of the Trustee's discretion. CJV did neither. During the hearing, CJV did not credibly attempt to refute that the personal property was worth only

about $200,000 at best.**2** Rather, it attempted to argue that value was not at issue. While the purpose of the hearing was not to determine actual value, value was at issue because the Trustee, in exercising his business judgment, had concluded that the likely value which could be obtained from a sale of the personal property was inconsequential to the bankruptcy estate as it would not provide a benefit to unsecured creditors. The Trustee explained at the hearing his view that any amount received from liquidation of the personal property would likely be consumed by administrative costs and the IRS's $293,570.42 tax lien.

After the hearing, the bankruptcy court entered the Abandonment Order, which confirms that the bankruptcy court properly applied the law regarding trustee abandonment. First, the bankruptcy court noted: "The decision whether to abandon property of the estate is left to the trustee rather than court in the first instance." (Abandonment Order at 4, citing *In re Meyers*, 139 B.R. 858 (Bankr. N.D. Ohio 1992)). Next, the bankruptcy court properly placed the burden on the motion on CJV: "[w]hen considering opposition to a trustee's proposed abandonment, the burden is upon 'the party opposing abandonment to prove a benefit to the estate and an abuse of the trustee's discretion.'" (*Id.*, citing *Slack*, 290 B.R. at 284.) Finally, the bankruptcy court found that:

> The Trustee has more than adequately satisfied the Court on each of the required points. He has shown that there is no likely value or benefit to the estate in continuing the [PPA]. He has exercised sound business judgment; he has acted in good faith and with the benefit of more than thirty years of experience as a trustee in bankruptcy; he has reasonably relied upon the expert opinions made available to him and his knowledge of the parties and circumstances of the case; and he has acted within the scope of his authority which was specifically reserved in the Court's order permitting Church JV to proceed on behalf of the estate.

(Abandonment Order at 5.) In sum, the bankruptcy court found the Trustee's determination to be based on sound business judgment and within his discretion. On appeal, CJV has not established that the bankruptcy court abused its discretion when approving the trustee's decision to abandon the PPA.

---

**2**Indeed, CJV would have been hard pressed to argue that the personal property was worth more given that the amount came from its own expert's report and CJV's attorney had conceded the value during a December 7, 2017 status conference, stating: "We're looking at valuations of the property somewhere in the low 200s, perhaps." (Tr. of Dec. 7, 2017 Hr'g 4:9-11, BAP Case No. 18-8010 (docketed on June 1, 2018)).

3. The bankruptcy court did not err in its admission of exhibits.

During the March 22, 2018 hearing, the Trustee offered three exhibits upon which he relied in reaching his decision to abandon the PPA.  CJV contends that the Court admitted these exhibits improperly.  The Panel disagrees.

First, the Trustee offered the IRS proof of claim.  During the hearing, CJV did not object to its admission.  However, on appeal, CJV challenges its admission, arguing: "The IRS claim would only come into play if property were in the estate and subject to a lift stay order or liquidation."  (Appellant Br. at 24.).  "Where an objection to the admission of evidence is not raised at the trial court level, . . . the standard of review is plain error."  *Felix*, 582 B.R. at 918–19 (citing *United States v. Olano*, 507 U.S. 725, 733, 113 S. Ct. 1770 (1993)).  "To prove that a lower court made a plain error in admitting evidence, the party who failed to object must show (1) an error (2) that is 'clear or obvious,' (3) that affected the party's 'substantial rights,' and (4) that 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'"  *Id.* (citing *Puckett v. United States*, 556 U.S. 129, 135, 129 S. Ct. 1423 (2009) (internal quotations omitted)).

CJV has not shown that admission of the IRS proof of claim was plain error.  The proof of claim already was in the record.  The Trustee moved to admit the proof of claim into evidence as one item the Trustee reviewed in exercising his business judgment to abandon the PPA.  The bankruptcy court admitted the IRS proof of claim for this purpose.  CJV has not shown any error that affected its rights or the integrity of the judicial process.  The bankruptcy court did not err in admitting the exhibit.

Second, the Trustee offered a Homeowner's Insurance Policy, which insured the personal property at a total replacement value of $1,194,200.  Third, he offered the Affidavit and Expert Report of Greer Simonton, dated August 14, 2017, which amended Simonton's original report and estimated the value of the personal property to be approximately $200,000.  Trustee offered these exhibits at the hearing to further establish the basis upon which he reached a business decision to abandon the PPA.  CJV did object to the introduction of these exhibits, and the bankruptcy court overruled the objections and admitted them.

On appeal, CJV asserts that the objections to both exhibits should have been sustained because the value of the personal property was not relevant at the hearing. CJV argues that the bankruptcy court put the "cart before the horse" when it decided that the property was of inconsequential value to the estate before it determined that the property belonged to the estate.

As with the objection to the IRS proof of claim, CJV's objections to the latter two exhibits also show that CJV misunderstands the nature of the hearing and the purpose for which the bankruptcy court admitted the exhibits. The Trustee had explained at the hearing that, in reaching his business decision, he considered all three exhibits and concluded that, even if the PPA were successful in bringing the personal property into the estate, the unsecured creditors would not benefit from further litigation. He perceived that, after liquidating the property and subtracting the administrative expense of the litigation, the resulting amount would be far less than the IRS tax lien. The bankruptcy court considered the exhibits as evidence that the Trustee had a reasonable basis for making his decision to abandon the litigation. The bankruptcy court determined that the Trustee "has had ample opportunity to review the documents. . . . It's absolutely appropriate for him to rely upon these reports in exercising that business judgment." (Tr. 24:13-21.) As such, the exhibits were relevant and were properly admitted.[3]

CJV also asserted hearsay and lack of foundation as basis for its objection, however, it did not develop any meaningful argument regarding those objections in its appellate briefs. Accordingly, those arguments are waived. *Dillery v. City of Sandusky*, 398 F.3d 562, 569 (6th Cir. 2005) ("It is well-established that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (internal quotation marks and citations omitted)).

---

[3]Additionally, the Trustee moved to admit into evidence an email from Mr. Akerly (CJV's attorney) to Mr. Coury (the Blasingames' attorney), Mr. Jennings and the Trustee, dated August 15, 2017, in which Mr. Akerly attached the expert report and identified its author as his expert witness in the litigation. Mr. Akerly objected, again arguing that the issue of value was not relevant in the case. He also asserted that the expert report was not being tendered in the context of the adversary proceeding. The bankruptcy court overruled the objection and admitted the email into evidence.

CJV did not address its objection to the admission of the email into evidence in its appellate brief. Arguments not properly developed on appeal are deemed waived. *See, e.g.*, *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997); *Kuhn v. Washtenaw County*, 709 F.3d 612, 624 (6th Cir. 20013) ("[A]rguments not raised in a party's opening brief . . . are waived.")

For these reasons, the bankruptcy court did not abuse its discretion by granting the motion to abandon the PPA and did not err in admitting Trustee's tendered exhibits at the hearing. After granting the motion to abandon, dismissal of the adversary proceeding was appropriate. Both the Abandonment Order and the Dismissal Order are AFFIRMED.

### B. Cross-Appeal regarding Denial of Motion to Dismiss

The Blasingames contend that the bankruptcy court erred by not granting their motion to dismiss in December 2015, arguing that the Amended Complaint failed to state a claim upon which relief could be granted and that the statute of limitations barred the cause of action asserted against them. The Panel does not find merit to either argument.

With respect to the sufficiency of the pleading, Federal Rule of Bankruptcy Procedure 7008, which incorporates Federal Rule of Civil Procedure 8, provides the pleading standards in bankruptcy adversary cases. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)). A complaint must also "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). Under the pleading standards set forth in *Iqbal* and *Twombly*, a complaint must allege more than a mere "formulaic recitation" of the elements of a claim to withstand a 12(b)(6) challenge. *NM EU Corp. v. Deloitte & Touche LLP* (*In re NM Holdings Co.*), 622 F.3d 613, 623 (6th Cir. 2010).

The bankruptcy court denied the Blasingames' motion to dismiss finding that the Amended Complaint stated a claim upon which relief could be granted against them. Specifically, the complaint asserted that, pursuant to Tennessee's ostensible ownership statute (Tennessee Code Ann. § 66-3-103), the Debtors' possession of the personal property in, at, and around the residence for more than five years created a presumption that it belonged to them at

the time they filed their bankruptcy petition. If the personal property belonged to the Debtors at the time of the filing, then it became property of the bankruptcy estate at that time. The bankruptcy court held that the articulation of the statute, along with the allegations regarding a homeowners' policy insuring personal property, sufficiently stated facts to support the claim that the property belonged to the bankruptcy estate pursuant to 11 U.S.C. § 541.

Upon a de novo review of the Amended Complaint, the Panel finds that the pleading met the standards set out in the Federal Rules of Bankruptcy Procedure and articulated by *Iqbal* and *Twombley*. While the Blasingames contend that the complaint failed to identify with specificity the personal property at issue in the litigation, they fail to cite any authority for the proposition that such specificity was required. Essentially, they seek to improperly invoke the standard set forth in Federal Rule of Civil Procedure 9(b) (made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7009) for pleading with specificity. The original complaint was sufficiently detailed to give the Blasingames fair notice of the substantive claim made against them, and the bankruptcy court did not err in denying the motion to dismiss for failure to state a claim.

Finally, the bankruptcy court also rejected the Blasingames' argument that the PPA was time barred. Finding that the action sought a declaratory determination as to whether the personal property was property of the Debtors' estate and was not a fraudulent or preferential transfer avoidance action, the court held that "there is no time limitation upon the authority of the bankruptcy court to identify assets of the bankruptcy estate[.]" (Order Denying MTD at 3.)

The Blasingames argue that the court erred because the Amended Complaint's reference to Tennessee's "ostensible ownership" statute compelled a finding that CJV, acting derivatively, was exercising the Trustee's strong-arm powers as a judgment lien creditor under § 544(a). If so, they argue, the two-year statute of limitations in § 546 bars the claim because there is no dispute the two years ran long before the PPA was commenced. The Panel rejects this argument.

The Blasingames' argument that the ostensible ownership statute is a creditors' remedy, and therefore implicates the Trustee's strong-arm powers under §544, is incorrect and misreads the pleading. The Tennessee ostensible ownership statute creates a rebuttable presumption of

ownership which becomes conclusive after five years. *In re Hall*, 5 B.R. 120, 122 (Bankr. M.D. Tenn. 1980) (discussing prior codification of ostensible ownership statute at Tenn. Code Ann. § 64-303). Thus, CJV's reference to the ostensible ownership statute in the Amended Complaint is not based on the Trustee's position as a judgment lien creditor (which would implicate § 544), but rather to evaluate the effect of the presumption on the declaratory relief the Trustee seeks as a representative of the Debtors' estate (which implicates § 541). The statute of limitations for a § 544 cause of action is not applicable.

The PPA sought a determination that the personal property in, at, and around the Debtors' residence belonged to the bankruptcy estate. There is no limitation upon the time within which the Court may do this. *See*, *e.g.*, *In re Reuter*, 499 B.R. 655, 667-668 (Bankr. W.D. Mo. 2013) (holding that a complaint seeking a declaratory judgment regarding whether property is property of the estate subject to turnover "is not a fraudulent transfer claim disguised as a declaratory action claim and the statute of limitations as to § 544 actions is not applicable."). The Order Denying MTD is AFFIRMED.

## CONCLUSION

The bankruptcy court did not err in granting the Trustee's motion to abandon the Personal Property Action. The Abandonment Order and the Dismissal Order are AFFIRMED. The bankruptcy court also did not err in denying the Blasingames' earlier motion to dismiss the adversary proceeding, and the Order Denying the Motion to Dismiss also is AFFIRMED.