**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

In the Matter of: SK Foods, L.P.
AND RHM INDUSTRIAL/SPECIALTY
FOODS, INC.,

*Debtor,*

SS FARMS, LLC, SSC FARMING,
LLC, SSC FARMS I, LLC, SSC
FARMS II, LLC, AND SCOTT SALYER,
*Appellants,*

v.

BRADLEY D. SHARP,
*Trustee-Appellee.*

No. 10-16153

D.C. No.
2:09-cv-02937-MCE

1489

In the Matter of: SK FOODS, L.P.
AND RHM INDUSTRIAL/SPECIALTY
FOODS, INC.,
                        *Debtor,*

SS FARMS, LLC, SSC FARMING,
LLC, SSC FARMS I, LLC, SSC
FARMS II, LLC, AND SCOTT SALYER,
                        *Appellants,*

                v.

BRADLEY D. SHARP,
                *Trustee-Appellee.*

No. 10-16154

D.C. No.
2:09-cv-02938-MCE

In the Matter of: SK FOODS, L.P.
AND RHM INDUSTRIAL/SPECIALTY
FOODS, INC.,
                        *Debtor,*

SS FARMS, LLC, SSC FARMING,
LLC, SSC FARMS I, LLC, SSC
FARMS II, LLC, AND SCOTT SALYER,
                        *Appellants,*

                v.

BRADLEY D. SHARP,
                *Trustee-Appellee.*

No. 10-16155

D.C. No.
2:09-cv-02940-MCE

In the Matter of: SK Foods, L.P. and RHM Industrial/Specialty Foods, Inc.,

*Debtor,*

SS Farms, LLC, SSC Farming, LLC, SSC Farms I, LLC, SSC Farms II, LLC, and Scott Salyer,

*Appellants,*

v.

Bradley D. Sharp,

*Trustee-Appellee.*

No. 10-16156

D.C. No. 2:09-cv-02941-MCE

In the Matter of: SK Foods, L.P. and RHM Industrial/Specialty Foods, Inc.,

*Debtor,*

SS Farms, LLC, SSC Farming, LLC, SSC Farms I, LLC, SSC Farms II, LLC, and Scott Salyer,

*Appellants,*

v.

Bradley D. Sharp,

*Trustee-Appellee.*

No. 10-16157

D.C. No. 2:09-cv-02942-MCE

In the Matter of: SK FOODS, L.P.
AND RHM INDUSTRIAL/SPECIALTY
FOODS, INC.,

*Debtor,*

SS FARMS, LLC, SSC FARMING,
LLC, SSC FARMS I, LLC, SSC
FARMS II, LLC, AND SCOTT SALYER,

*Appellants,*

v.

BRADLEY D. SHARP,

*Trustee-Appellee.*

No. 10-16160

D.C. No.
2:09-cv-02939-MCE

OPINION

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England Jr., District Judge, Presiding

Argued and Submitted
November 15, 2011—San Francisco, California

Filed February 9, 2012

Before: Alex Kozinski, Chief Judge, Carlos T. Bea,
Circuit Judge, and Robert W. Gettleman,
Senior District Judge.*

Opinion by Judge Bea

*The Honorable Robert W. Gettleman, Senior United States District
Judge for the Northern District of Illinois, sitting by designation.

## COUNSEL

Kelly A. Woodruff (argued), Farella Braun & Martel LLP, San Francisco, California, for the appellants.

Malcolm S. Segal, James R. Kirby II and James P. Mayo, Segal & Kirby LLP, Sacramento, California, for appellant Scott Salyer.

Larry J. Lichtenegger, Lichtenegger Law Office, Carmel, California, for appellants SS Farms, LLC, SSC Farming, LLC, SSC Farms I, LLC and SSC Farms II, LLC.

Nancy Winkelman (argued) and Bruce Merenstein, Schnader Harrison Segal & Lewis LLP, Philadelphia, Pennsylvania, Gregory C. Nuti and Kevin W. Coleman, Schnader Harrison Segal & Lewis LLP, San Francisco, California, for the appellee.

**OPINION**

BEA, Circuit Judge:

A trustee in Chapter 11 bankruptcy proceedings took possession of Appellants' documents, which Appellants had deposited at the debtor's office. Appellants claim the trustee acted illegally; that the documents should be returned; and that the trustee and his counsel should be removed. The bankruptcy court denied such relief, and the district court affirmed. This appeal raises the issue whether such orders of the bankruptcy court, affirmed by the district court, are final appealable orders under 28 U.S.C. § 158(d)(1). As explained below, we hold that they are not; accordingly, we dismiss for lack of jurisdiction.

## I. Facts and Procedural History

Debtor SK Foods permitted Appellants to store financial, business, estate planning, and other documents on its premises. Some of these documents were physically stored on site; others were stored in a combined computer system run by SK Foods personnel.

In April 2008, the United States Department of Justice Antitrust Division and other government agencies raided the premises of SK Foods, seized "an enormous volume of records and copied many other documents and computers." The raid was followed by a federal grand jury investigation and criminal informations charging current and former employees of SK Foods with fraud, bribery and other offenses.

More than a year later, SK Foods filed for Chapter 11 bankruptcy. Bradley Sharp was appointed as trustee of the debtor's estate, and he took possession of all records located on its premises, including documents and electronic files belonging to Appellants. Upon discovering that the trustee had taken

possession of their documents, Appellants demanded return of the original documents without further review. The trustee refused, stating that possession and review of the documents were attendant to the discharge of his duties.

Appellants filed a motion to remove the trustee and disqualify his counsel on the grounds that the seizure and continued possession of Appellants' documents violated the Fourth Amendment and various state laws. On the same grounds, Appellants' motion also requested a protective order requiring the return of their documents. The trustee filed a counter-motion requesting an order confirming his authority to continue to possess and review the documents.

The bankruptcy court held oral argument on three issues: (1) removal of the trustee; (2) disqualification of the trustee's counsel; and (3) the trustee's continued possession of Appellants' documents. It then denied Appellants' motion and granted the trustee's counter-motion.

Appellants appealed to the district court, which affirmed the bankruptcy court on all issues. Appellants appealed to this court.

## II.  Jurisdiction

**[1]** Under 28 U.S.C. § 158(d)(1), we have appellate jurisdiction over "final orders of the district courts reviewing bankruptcy court decisions." *In re Westwood Shake & Shingle, Inc.*, 971 F.2d 387, 389 (9th Cir. 1992). "To determine whether a district court order is final, we must look to the nature of the underlying bankruptcy court order. If the underlying bankruptcy court order is interlocutory, so is the district court order affirming or reversing it." *Id.* (internal citation omitted). Although the district courts have discretion to consider interlocutory appeals, we do not. *Id.*

**[2]** A bankruptcy court order is considered final "where it 1) resolves and seriously affects substantive rights and 2)

finally determines the discrete issue to which it is addressed." *In re AFI Holding*, 530 F.3d 832, 836 (9th Cir. 2008) (internal quotation marks and citations omitted).

**[3]** The bankruptcy court's order denying removal of the trustee is not final: It neither resolves nor seriously affects substantive rights, nor finally determines the discrete issue to which it is addressed, since the trustee could be removed at a later time. Moreover, if a party could file an interlocutory appeal every time he tried unsuccessfully to remove a trustee, he could bring the litigation to a never-ending standstill.

**[4]** In *AFI Holding*, this court held that a bankruptcy court's order *granting* removal of a trustee is a final order. *Id.* at 837. However, the two situations—removal and denial of removal—are not symmetrical. So long as a trustee remains in office, the status quo ante continues and his actions may be reviewed throughout the bankruptcy proceedings. However, when a trustee is removed for cause, such an order alters the status quo ante because the trustee can no longer act in the continued bankruptcy proceedings. Therefore, since an order denying removal of the trustee preserves the status quo ante and may be later revisited, such an order is not an appealable final order.[1]

**[5]** The bankruptcy court's order denying Appellants' motion for the return of records and granting the trustee's counter-motion does not resolve substantive rights or finally determine a discrete issue. Instead, the order permits the continued possession and review of documents already in the possession of the trustee. Reviewing the order on appeal now would not finally determine the issue whether the trustee

---

[1]*AFI Holding* cited *Matter of Schultz Mfg. Fabricating Co.*, 956 F.2d 686, 691-92 (7th Cir. 1992), as "treating the denial of a motion to remove a trustee as a final order." However, *AFI Holding* did not hold that such a denial is a final order, and *Schultz* did not address the issue; it merely assumed that the denial was a final order.

could use the documents, because the issue of possession and use of the records could arise again in further proceedings—for instance, in a motion for relief from the automatic stay or in a discovery dispute in an adversary proceeding. *See In re Lewis*, 113 F.3d 1040, 1043 (9th Cir. 1997) ("[T]raditional finality concerns nonetheless dictate that we avoid having a case make two complete trips through the appellate process." (internal quotation marks and citations omitted)). Therefore, the bankruptcy court's order denying Appellants' motion for the return of records and granting the trustee's counter-motion is not a final order.

**[6]** Nor is the bankruptcy court's order denying disqualification of counsel final: "Where the underlying bankruptcy court order involves the appointment or disqualification of counsel, courts have uniformly found that such orders are interlocutory even in the more flexible bankruptcy context." *In re Westwood Shake & Shingle, Inc.*, 971 F.2d at 389.

**[7]** Because all issues on appeal involve interlocutory orders, we dismiss for lack of jurisdiction.

DISMISSED.