In re Jose De Jesus GONZALEZ and Nixsa Garcia Reyes, Debtor(s).

Sitka Enterprises, Inc.; Berrios & Longo Law Office, P.S.C.; Fernando E. Longo Quinones, Appellant(s)/Consolidated Appellants,

v.

Wilfredo Segarra Miranda, and Mrs. Jane Segarra and their conjugal partnership; V.B. Rental, Inc.; VDJ Limited Partnership, S.E.; Banco Popular De Puerto Rico; Jose De Jesus Gonzalez; XYZ Insurance; Unknown Collaborators; John Doe Company; John Doe; Unknown Insurance Company, Appellee(s),

Banco Popular De Puerto Rico, Consolidated Appellee(s),

The United States Trustee, Interested Party.

Civil Nos. 13–1288 (DRD), 13–1289 (DRD).
Bankruptcy No. 02–05485 (BKT).

United States District Court, D. Puerto Rico.

Signed March 31, 2014.

Edilberto Berrios–Perez, Berrios & Longo, PSC, San Juan, PR, for Appellant(s)/Consolidated Appellants.

Eldia M. Diaz–Olmo, Eldia M. Diaz Olmo Law Office, San Juan, PR, for Appellee(s)/Consolidated Appellee(s).

Roberto Abesada–Aguet, Correa Acevedo & Abesada Law Offices, PSC, San Juan, PR, for Consolidated Appellee(s).

## OPINION AND ORDER

DANIEL R. DOMINGUEZ, District Judge.

Pending before the Court is an appeal filed by Sitka Enterprises, Inc. ("Sitka"); Berríos & Longo, P.S.C. ("Berríos & Longo") and Fernando Longo Quiñones ("Longo Quiñones") (collectively "Appellants"), on April 12, 2013 against Wilfredo Segarra Miranda, appointed Chapter 7 Trustee; Banco Popular de Puerto Rico ("BPPR"); V.B. Rental, Inc.; VDJ Limited Partnership, S.E., and several unknown parties. The Court notes that the Appellants filed the instant appeal "without submitting to the jurisdiction of the Court, for the sole purpose of preserving and protecting all fundamental constitutional rights and dismissing the case for lack of jurisdiction, 'in personam' jurisdiction and subject matter jurisdiction." *See Notice of Appeal,* Docket No. 13–1288–1.

At the outset, the Court notes that Appellants are giving the district court the run around with the filing of ten bankruptcy appeals, some of them parallel to the others, to wit: Civil No. 10–1847(CCC); Civil No. 10–1848(GAG); Civil No. 10–1973(JAG); Civil No. 11–1974(SEC); Civil No. 11–2079(JAF); Civil No. 11–2079(JAF); Civil No. 11–1242 (FAB/DRD); Civil No. 13–1288(DRD); Civil No. 13–1289(DRD); Civil No. 13–1885 (FAB/DRD). It is pellucid that all the bankruptcy appeals filed are directly intertwined. Notwithstanding, the Court now proceeds to review the instant appeal.

### Jurisdiction

The Court has jurisdiction to entertain appeals "from **final judgments, orders, and decrees.**" 28 U.S.C. § 158(a)(1). (Emphasis ours).

### Factual and Procedural Background

On May 22, 2002, debtors José De Jesús González and Nixsa García Reyes ("Debtors") filed for voluntary relief under Chapter 11 of the Bankruptcy Code. On January 31, 2003 the case was converted to Chapter 7, and a Chapter 7 Trustee was appointed in December 18, 2003. As of this date, the debtors' bankruptcy petition is still ongoing.

On February 20, 2013, the bankruptcy court entered an *Order* denying Appellants' request for removal to state court, and the request for jury trial. *See* Adversary Proc. No. 12–937(BKT), Docket No. 28. The Court notes that this Adversary Proc. No. 12–937(BKT) is directly intertwined with Adversary Proceeding No. 09–150(BKT).

The appealed *Order* of February 20, 2013 entered by the bankruptcy court reads as follows:

Because the complaint is based solely under state law, plaintiffs' Sitka Enterprises, Inc., Fernando E. Longo Quiñones and Berríos & Longo Law Offices, P.S.C., had no right to jury trial under Puerto Rico law. The removal of the state court action does not afford a right to jury trial. Therefore, plaintiffs' mo-

tion for jury trial (docket # 7) is hereby denied.

*See* Adversary Proc. No. 12–937(BKT), Docket No. 28.

On May 14, 2013, Wilfredo Segarra Miranda, the Chapter 7 Trustee ("Trustee" and/or "Appellee") filed a *Motion to Dismiss Interlocutory Appeal,* Docket No. 4. On May 20, 2013, the Appellants filed an *Opposition to Motion to Dismiss Appeal (Docket No. 4),* Docket No. 8. On June 17, 2013, the Trustee filed a *Motion to Dismiss Appeal–Case No. 1289,* Docket No. 13, followed by a *Motion to Dismiss Appeal for Lack of Appellate Jurisdiction* filed by BPPR, Docket No. 14.

The Trustee argues that the *Order* denying removal and jury trial is an interlocutory nonappealable order, as provided by 28 U.S.C. § 158(a)(1) and (3). "Interlocutory appeals should be granted sparingly and only in exceptional cases. *In re San Juan Dupont Plaza Hotel Fire Litigation,* 859 F.2d 1007, 1010 n. 1 (1st Cir.1988)." Docket No. 4, page 6. The Trustee also argues that the Appellants failed to request leave to file an appeal under Rule 8003(a) of the Federal Rules of Bankruptcy Procedure, and the instant appeal fails to meet the standard for an interlocutory appeal to proceed under exceptional circumstances, such as, qualified immunity.

Appellants opposed the Trustee's dismissal request, **without submitting to the jurisdiction of this Honorable Court,** however, requesting a remedy. Appellants argue that this is an appeal on a "discrete issue." The Court disagrees and briefly explains.

### Applicable Law and Discussion

28 U.S.C. § 158(a)(1), the district court has jurisdiction to entertain appeals "from **final judgments, orders, and decrees.**" 28 U.S.C. § 158(a)(1). (Emphasis ours). *See In the Matter of SK Foods, L.P. and*

*RHM Industrial/Specialty Foods, Inc.,* 676 F.3d 798 (9th Cir.2012); *In re Empresas Noroeste, Inc.,* 806 F.2d 315 (1st Cir. 1986).

■ "A bankruptcy court order is considered final 'where it (1) resolves and seriously affects substantive rights and (2) finally determines the discrete issue to which it is addressed.'" *In the Matter of SK Foods, L.P. and RHM Industrial/Specialty Foods, Inc.,* 676 F.3d 798, 802 (9th Cir.2012) (quoting *In re AFI Holding,* 530 F.3d 832, 836 (9th Cir.2008)).

■ In the instant case, the Appellants are appealing an *Order* entered by the bankruptcy court on February 20, 2013, denying Appellants' request for removal to the state court and the request for jury trial in state court. *See infra.* The Court finds that the *Order* issued by the bankruptcy court is not a final and appealable order, as it does not resolve and seriously affect substantive rights, and it does not determine the "discrete" issue to which it is addressed. *See In the Matter of SK Foods, L.P.,* 676 F.3d at 802; *In re Empresas Noroeste, Inc.,* 806 F.2d 315.

Moreover, the Court notes that the bankruptcy court has not entered judgment on this matter at the time of this writing, as the bankruptcy court has yet to proceed with discovery and trial on this matter. Hence, the Court finds that it does not have a final appealable order or a final judgment subject to be reviewed under 28 U.S.C. § 158(a)(1). The Court further finds that the instant appeal constitutes an appeal from an interlocutory order issued by the bankruptcy court from which the Appellants have no standing to appeal, as they have failed to show their connection with the debtors; VDJ Limited Partnership, S.E., and VB Rental, Inc., other than the alleged post-petition transfer of properties and/or stocks belonging to the debtors to the Appellants.

The Court further understands that the Trustee is lawfully pursuing a potential avoidance fraudulent transfer under the Bankruptcy Code, which is a core proceeding under 28 U.S.C. § 157(b)(1)(2)(A), (E), (F), (H).[1] *See In re Arnold Print Works, Inc.,* 815 F.2d 165, 169 (1st Cir.1987). In *Arnold,* the Court held:

> [T]he fact that a claim in bankruptcy matter raises issues of state, rather than federal law does not by itself determine that it is non-core, rather than core. A claim by a creditor for money owed by the debtor, a trustee's effort to set aside a preference, or a trustee's decision as to who has a better claim might depend entirely upon such matters of state law as the validity of a lien or an interpretation of a state recording statute. For this reason, Congress, specifically provided that the "determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law." 28 U.S.C. § 157(b)(3). It is the nature of the proceeding—its relation to the basic function of the bankruptcy court—not the state or federal basis for the claim, that the difference here.

■ The Appellants have cited no case that established that there exists a jury right for civil matters under Puerto Rico law. It is hornbook law that there is no right · to jury trial in civil cases under Puerto Rico law. Further, the matter at hand in the bankruptcy proceeding consti-tutes a potential fraudulent transfer as it is an obvious core matter under 28 U.S.C. § 157(b)(1)(2)(A), (E), (F), (H). *See Fn.* 1, *infra.*

Hence, the Court finds that the Appellants' litigation may have the potential result of draining the funds of the debtors' estate. The Court further finds that this never ending litigation has also the indirect purpose to stay the bankruptcy petition that was filed on May 22, 2002, and has not been closed.

■ Lastly and most critical, the Appellants have failed to show how their rights have been affected by the entry of the *Order* of the bankruptcy court denying their motion for removal and the request for jury trial. Hence, the Court must conclude that the Appellants have no standing to appear before this Court, as they have shown no prejudice and/or injury to their rights or what is the link between the Appellants and the bankruptcy court *Order* entered against the debtors, VB Rental, Inc. and VDJ Limited Partnership, S.E., particularly when the Appellants refuse to submit to the jurisdiction of the bankruptcy court and the district court.

The Trustee's motion for dismissal, Docket No. 13, and BPPR' motion to dismiss appeal, Docket No. 14, are granted, as the Court lacks jurisdiction to review an interlocutory appeal under 28 U.S.C. § 158(a)(1).

---

1. 28 U.S.C. § 157(b)(1)(2)(A), (E), (F), (H) provides in its relevant part:

    (b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under section (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title. (b)(2) Core proceedings include, but are not limited to—

    (A) matters concerning the administration of the estate;

    . . .

    (E) orders to turn over property of the estate;

    (F) proceedings to determine, avoid, or recover preferences;

    . . .

    (H) proceedings to determine, avoid, or recover fraudulent conveyances;

    . . .

## A Final Note

The Court reminds the Appellants that they cannot request a remedy without submitting to the federal jurisdiction. Simply put, the Appellants cannot have it both ways. "Having one's cake and eating it, too, is not in fashion in this circuit." *United States v. Tierney,* 760 F.2d 382, 388 (1st Cir.1985). *See also United States v. Melvin,* 730 F.3d 29, 40 (1st Cir.2013).

## Conclusion

For the reasons set forth above, the appeals filed under Civil No. 13–1288 and 13–1289 are hereby dismissed, as the underlying question on all the appeals are interlocutory non-final orders. Judgment will be entered accordingly.

IT IS SO ORDERED.