*By order of the Bankruptcy Appellate Panel, the precedential effect of this decision is limited to the case and parties pursuant to 6th Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

File Name: 15b0002n.06

# BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT

| | | |
|---|---|---|
| In re:  AUBREY BRUCE WRING;<br>VIRGINIA A. WRING, | ) | No.  14-8049 |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |

Appeal from the United States Bankruptcy Court
for the Western District of Tennessee
Case No. 10-21899

Submitted: May 11, 2015

Decided and Filed: June 22, 2015

Before: HARRISON, LLOYD, and OPPERMAN, Bankruptcy Appellate Panel Judges.

_____

## COUNSEL

ON BRIEF:  David Blaylock, Michael P. Coury, GLANKLER BROWN, PLLC, Memphis, Tennessee, for Appellee.  Aubrey Bruce Wring, Memphis, Tennessee, pro se.

_____

## OPINION
_____

**MARIAN F. HARRISON**, Bankruptcy Appellate Panel Judge.  Aubrey Bruce Wring ("debtor") filed this pro se appeal from the bankruptcy court's denial of his expedited motion to remove the Chapter 11 Trustee and to reinstate him as debtor-in-possession and the denial of the Chapter 11 Trustee's motion for instructions, which affirmed the Chapter 11 Trustee's discretion as

to whether compensation and/or distributions should be made to the debtor. For the reasons stated below, the Panel affirms the bankruptcy court's rulings.

## I. ISSUES ON APPEAL

The relevant issues on appeal are: (1) whether the order denying the debtor's motion to remove the Chapter 11 Trustee is a final, appealable order; (2) whether the bankruptcy court erred by denying the debtor's motion to remove the Chapter 11 Trustee and reinstate the debtor as debtor-in-possession; (3) whether the debtor has standing to appeal the order denying the Chapter 11 Trustee's motion for instructions; and (4) whether the bankruptcy court erred by denying the Chapter 11 Trustee's motion for instructions by finding that determinations of the debtor's entitlement to compensation or distributions from the estate was a matter for the business judgment of the Chapter 11 Trustee.

## II. JURISDICTION

The United States District Court for the Western District of Tennessee has authorized appeals to the Panel, and no party has timely elected to have this appeal heard by the district court. 28 U.S.C. § 158(b)(6), (c)(1).

A final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). For purposes of appeal, a final order "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted). "[T]he concept of finality applied to appeals in bankruptcy is broader and more flexible than the concept applied in ordinary civil litigation." *Millers Cove Energy Co., Inc. v. Moore* (*In re Millers Cove Energy Co., Inc.*)*,* 128 F.3d 449, 451 (6th Cir. 1997) (citations omitted). "This finality requirement is considered in a more pragmatic and less technical way in bankruptcy cases than in other situations . . . . In bankruptcy cases, a functional and practical application [of Section 158] is to be the rule." *Lindsey v. O'Brien, Tanski, Tanzer & Young Health Care Providers of Connecticut* (*In re Dow Corning Corp.*)*,* 86 F.3d 482, 488 (6th Cir. 1996) (citations and internal quotations omitted).

The Chapter 11 Trustee asserts that the order denying the motion to remove is not a final, appealable order. In the Sixth Circuit, an order denying a motion to remove a trustee has been treated as an appealable final order. *See Boyd v. Rabin (In re Boyd)*, 397 B.R. 544, 2008 WL 4372948 (B.A.P. 6th Cir. 2008) (unpublished table decision). In *Boyd*, this Court dealt with a motion to recuse a bankruptcy judge and a motion to remove a trustee. Both orders were treated as final orders with no analysis of finality. *See also Miller v. Miller (In re Miller)*, 302 B.R. 705, 708 (B.A.P. 10th Cir. 2003) (citations omitted) (bankruptcy court's order denying motion to remove trustee is final order subject to appeal under 28 U.S.C. § 158(a)(1)); *In re Schultz Mfg. Fabricating Co.*, 956 F.2d 686, 691–92 (7th Cir. 1992) (court affirmed order denying motion to remove Chapter 7 trustee without analysis of finality).[1]

### III. STANDARD OF REVIEW

Whether the bankruptcy court erred in denying the debtor's motion to remove the Chapter 11 Trustee is a factual conclusion and is thus reviewed under a clearly erroneous standard. A finding of fact is deemed clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Riverview Trenton R.R. Co. v. DSC, Ltd. (In re DSC, Ltd.)*, 486 F.3d 940, 944 (6th Cir. 2007) (citations omitted). "'Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.'" *Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d

---

[1]*But see SS Farms, LLC v. Sharp (In re SK Foods, L.P.)*, 676 F.3d 798, 802 (9th Cir. 2012) (bankruptcy court's order denying removal of trustee is not final); *Sitka Enters., Inc. v. Miranda (In re Gonzalez)*, 507 B.R. 775, 777 (D.P.R. 2014) (citations omitted) (An order denying motion to remove "is not a final and appealable order, as it does not resolve and seriously affect substantive rights, and it does not determine the 'discrete' issue to which it is addressed."); *Bluegrass Stockyards, LLC v. Knauer (In re E. Livestock Co., LLC)*, No. 4:12-cv-00126-TWP-WGH, 2013 WL 4479080, at *4 (S.D. Ind. Aug. 20, 2013) (citation omitted) (order denying removal of trustee is not appealable final order because it preserves status quo and may be revisited later). Despite differences of opinion as to whether an order denying a motion to remove is a final and appealable order, courts are generally in agreement that an order *granting* a motion to remove the trustee is a final, appealable order. *See, e.g.*, *Walden v. Walker (In re Walker)*, 515 F.3d 1204, 1211 (11th Cir. 2008) ("removal of a bankruptcy trustee is a 'final' order appealable to this Court"); *Dye v. Brown (In re AFI Holding, Inc.)*, 530 F.3d 832, 836 (9th Cir. 2008) (citations omitted) ("order removing a bankruptcy trustee is a 'final order'").

1160, 1166 (6th Cir. 1996) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 574, 105 S. Ct. 1504, 1511 (1985)).

The bankruptcy court's denial of the Chapter 11 Trustee's motion for instructions was based on a conclusion of law that determinations of the debtor's entitlement to compensation or distributions from the estate was a matter for the business judgment of the Chapter 11 Trustee. Conclusions of law are reviewed de novo. *Dickson v. Countrywide Home Loans* (*In re Dickson*), 655 F.3d 585, 590 (6th Cir. 2011) (citation omitted). "Under a *de novo* standard of review, the reviewing court decides an issue independently of, and without deference to, the trial court's determination." *Menninger v. Accredited Home Lenders (In re Morgeson),* 371 B.R. 798, 800 (B.A.P. 6th Cir. 2007) (citation omitted). Essentially, the reviewing court decides the issue "as if it had not been heard before." *Mktg. & Creative Solutions, Inc. v. Scripps Howard Broad. Co. (In re Mktg. & Creative Solutions, Inc.)*, 338 B.R. 300, 302 (B.A.P. 6th Cir. 2006) (citation omitted). "No deference is given to the trial court's conclusions of law." *Id.* (citation omitted).[2]

## IV. FACTS

The debtor and his wife filed a voluntary Chapter 11 petition on February 19, 2010. On May 18, 2011, after a hearing on the motion of the U.S. Trustee for the conversion of this case to Chapter 7, the bankruptcy court found that cause existed for the conversion. However, rather than allow the conversion, the bankruptcy court found that it was in the best interest of creditors and the estate to appoint a Chapter 11 Trustee. On June 2, 2011, the bankruptcy court entered an Order Approving Appointment of Michael P. Coury as the Chapter 11 Trustee. On June 13, 2011, the Chapter 11 Trustee filed an application to employ his law firm, Butler Snow O'Mara Stevens & Cannada, PLLC, to represent the Chapter 11 Trustee in this case. No objections were filed, and the Chapter 11 Trustee's application to employ was granted on July 8, 2011.

---

[2]On the issue of standing, "the factors that comprise the 'person aggrieved' doctrine are determined as a matter of law." *Moran v. LTV Steel Co., Inc. (In re LTV Steel Co., Inc.*), 560 F.3d 449, 452 (6th Cir. 2009) (citation omitted).

On July 22, 2014, the Chapter 11 Trustee filed an expedited Motion for Instructions and filed an amended Motion for Instructions on July 23, 2014. Prior to filing the motion for instructions, the Chapter 11 Trustee had suspended payments to the debtor after the debtor had been barred from the operation of the business and after it was disclosed that the debtor had made unauthorized withdrawals from estate accounts and refused to provide an accounting to the Chapter 11 Trustee. The debtor apparently made demands upon the Chapter 11 Trustee for payments, so the Chapter 11 Trustee sought guidance from the bankruptcy court as to whether he should reinstate the payments to the debtor. Shortly thereafter, on July 28, 2014, the debtor filed an expedited motion to remove the Chapter 11 Trustee and to reinstate him as debtor-in-possession. The debtor asserted that the Chapter 11 Trustee had a conflict of interest and did not request the debtor's waiver, the Chapter 11 Trustee had not pursued Fair Debt Collection Practices Act actions against the banks, and that the Chapter 11 Trustee stopped making monthly payments to the debtor. On August 12, 2014, the bankruptcy court held a hearing on both motions. At the hearing, the bankruptcy court gave the debtor the opportunity to present proof but he chose to rest on the pleadings because he did not have counsel. The bankruptcy court denied the motion to remove the Chapter 11 Trustee, making the following findings on the record:

> On February 19, 2010, the debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

> On April 15, 2011, this court entered an order finding debtors in contempt of court for violating the court's order prohibiting the use of cash collateral.

> On May 18, 2011, after a hearing was held on the motion of the United States Trustee to convert this case to Chapter 7, the court ordered the appointment of a Chapter 11 trustee after having found that cause existed for the conversion of the case to Chapter 7 and further finding that the appointment of a trustee was in the best interest of creditors and the estate.

> On June 2, 2011, this court entered an order approving the appointment of Michael Coury as Chapter 11 trustee in this case.

> A trustee may be removed under Section 324(a) of the Bankruptcy Code for cause, which case law has defined as including incompetence or being unwilling to perform. *In re Williams*, 2003, Westlaw 22871593. Bankruptcy, Western District of

5

Tennessee, quoting *3 Collier on Bankruptcy*, paragraph 324.02, Fifteenth Edition, Revised 2003.

Judge Boswell in *In re Williams* noted typically courts will not remove a trustee absent actual fraud or injury. A trustee's duties are outlined in 11 USC, Sections 1106(a)(3) and (a)(5) and Section 704(a)(5). Case law uniformly provides that trustees are to be given substantial degrees of discretion in deciding how best to administer the estate with the actions of the trustee to be measured by a business judgment standard. *See In re Consolidated Industries Corporation*, 330 BR 712, at 715, Bankruptcy, Northern District of Indiana, 2005.

Mr. Coury has served as trustee in this case with its large number of properties for over three years with no allegations of incompetence or being unwilling or unable to carry out his duties having been alleged heretofore during that three-year period.

The court finds that no proof has been provided that demonstrates that his actions have fallen outside of sound business judgment.

Considering a totality of the circumstances of the case, the pleadings in this matter and the case record as a whole, this court finds that no cause exists to remove this trustee. The debtor, Aubrey Bruce Wring's motion is denied.

Regarding the Chapter 11 Trustee's motion for instructions, the bankruptcy court stated that "[w]hat I will show is that a status conference was held on the motion and at this point the motion is moot. The court is really not in a position to give instructions to the trustee on the exercise of the trustee's sound business judgment." The bankruptcy court entered an order denying the motion to remove on August 21, 2014, and an order denying the motion for instructions on September 3, 2014. The debtor appeals both of these orders.

## V. DISCUSSION
### A. MOTION TO REMOVE CHAPTER 11 TRUSTEE

11 U.S.C. § 324(a) authorizes a bankruptcy court, "after notice and a hearing," to "remove a trustee . . . for cause." The Code does not define cause, so bankruptcy "courts are left to make the determination on a case-by-case basis." *In re Boyd,* 2008 WL 4372948, at *3 (citation omitted). "Typical cause for removal includes incompetence, misconduct in office, conflict of interest, or other

violations of fiduciary duties the trustee owes to the estate and its creditors." *Id.* at *3 (internal quotation marks and citations omitted). *See also In re AFI Holding*, 530 F.3d at 845 (citation omitted) ("'cause' may include trustee incompetence, violation of the trustee's fiduciary duties, misconduct or failure to perform the trustee's duties, or lack of disinterestedness or holding an interest adverse to the estate"). The party seeking removal of the trustee has the "burden of establishing 'cause' by setting forth specific facts that support removal," and "[c]onclusory contentions not supported by specific facts are insufficient grounds for removal of a trustee." *In re Boyd*, 2008 WL 4372948, at *3 (citations omitted). *See also Reagan v. Wetzel* (*In re Reagan*), 403 B.R. 614, 623 (B.A.P. 8th Cir. 2009) (affirming the denial of a debtor's motion to remove a trustee where the debtor offered only "conclusory contentions unsupported by specific facts" that amounted to nothing more than a "disagree[ment] with the trustee's business management"). The "'[r]emoval of a trustee under § 324 is left to the sound discretion of the bankruptcy court.'" *Shapiro v. French* (*In re Connolly N. Am., LLC*), Ch. 7 Case No. 09-14179, Adv. No. 01-57090, 2010 WL 4822605, at *2 (Bankr. E.D. Mich. Nov. 22, 2010) (citation omitted). An abuse of this discretion occurs only "where the reviewing court has 'a definite and firm conviction that the court below committed a clear error of judgment.'" *PCFS Fin. v. Spragin* (*In re Nowak*), 586 F.3d 450, 454 (6th Cir. 2009) (citation omitted).

In the present case, the debtor failed to present any proof of undisclosed conflicts, incompetency, or wrong doing on the part of the Chapter 11 Trustee.[3] Despite the lack of proof, the bankruptcy court considered the pleadings and the record as a whole, and held that cause did not exist to remove the Chapter 11 Trustee. Specifically, the bankruptcy court found that the Chapter 11 Trustee had served in this case with its large number of properties for over three years without any allegations of incompetence or of an unwillingness or inability to carry out his duties during that three-year period. The bankruptcy court also found that there was no proof demonstrating that the

---

[3]There is no legal support for the debtor's assertion that the Chapter 11 Trustee was required to obtain a waiver from the debtor as to any conflicts prior to appointment. The debtor failed to appeal the appointment of the Chapter 11 Trustee and did not object to the employment of the Chapter 11 Trustee's firm.

Chapter 11 Trustee's actions had fallen outside of sound business judgment. There is nothing in the record that indicates the bankruptcy court abused its discretion in denying the debtor's motion to remove the Chapter 11 Trustee, and therefore, the bankruptcy court's order should be affirmed.

## B.  CHAPTER 11 TRUSTEE'S MOTION FOR INSTRUCTIONS

The Chapter 11 Trustee asserts that the debtor does not have standing to appeal the denial of the Chapter 11 Trustee's motion for instructions.  Only a "person aggrieved" has standing to appeal a bankruptcy order. *In re LTV Steel Co. Inc.*, 560 F.3d 449, 452.  In order to be a "person aggrieved," the appellant must have "a financial stake in the bankruptcy court's order." *Fid. Bank, Nat'l Ass'n v. M.M. Grp., Inc.*, 77 F.3d 880, 882 (6th Cir. 1996) (citations omitted).  In other words, an appellant "must have been directly and adversely affected pecuniarily by the order." *Id.* Normally, "'[d]ebtors, particularly Chapter 7 debtors, rarely have such a pecuniary interest because no matter how the estate's assets are disbursed by the trustee, no assets will revert to the debtor.'" *Lunan v. Jones* (*In re Lunan*), 523 Fed. App'x 339, 340 (6th Cir. 2013) (unpublished table decision) (citation omitted).

While the debtor might have standing to appeal an order approving the Chapter 11 Trustee's decision not to pay funds to the debtor, this is not the issue being appealed.  Instead, the bankruptcy court declined to give instructions to the Chapter 11 Trustee on how to manage the estate. Consequently, the debtor is no better or worse off than he would have been if the motion for instructions had not been filed, and thus, the debtor has no standing to appeal the bankruptcy court's ruling.  Moreover, even if the debtor had standing, the appeal from the bankruptcy court's order denying the Chapter 11 Trustee's motion for instructions would be without merit.

Pursuant to 11 U.S.C. § 1108, a Chapter 11 trustee has the authority to operate the debtor's business "[u]nless the court, on request of a party in interest and after notice and a hearing, orders otherwise." Section 1108 contemplates that operation of the business is the rule, therefore, it is not necessary for the trustee to obtain an order authorizing operation. *United States v. Deutcscher* (*In re H & S Transp. Co., Inc.*), 115 B.R. 592, 597 (M.D. Tenn. 1990) (citing H.R. Rep. No. 95–595,

8

95th Cong., 1st Sess. 404; Sen. Rep. No. 95–989, 95th Cong., 2d Sess. 116, U.S. Code Cong. & Admin. News 1978, p. 5787).

In this vein, a Chapter 11 bankruptcy trustee typically "has the discretionary authority to exercise his business judgment in operating the debtor's business akin to the discretionary authority to exercise business judgment given to an officer or director of a corporation." *See In re Holiday Isles, Ltd.*, 29 B.R. 827, 830 (Bankr. S.D. Fla. 1983) (citations omitted). Application of the business judgment rule "prevents courts from becoming entangled in complex corporate decisions by deferring to the judgment of skilled business persons provided that those persons comply with certain minimum standards." *In re Dalen*, 259 B.R. 586, 610 (Bankr. W.D. Mich. 2001).

A bankruptcy court is not to be involved in the day-to-day administration of the estate. Instead, the bankruptcy court's role is "limited to only those instances where the Bankruptcy Code actually authorizes such involvement." *In re Shaffner*, 320 B.R. 870, 878 (Bankr. W.D. Mich. 2005) (citation omitted). The operation of the debtor's business is clearly within the discretion of the Chapter 11 Trustee, and therefore, the bankruptcy court correctly determined that such decisions must be made by the Chapter 11 Trustee rather than by the bankruptcy court.

## VI. CONCLUSION

For the reasons stated, the bankruptcy court's order denying the debtor's motion to remove the Chapter 11 Trustee and the order denying the Chapter 11 Trustee's motion for instructions are AFFIRMED.

9