**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GRACE BAEK; RICHARD BAEK; BAEK 153, LLC; PACIFIC COMMERCIAL GROUP, LLC,<br><br>Appellants,<br><br>v.<br><br>JOHN OLAF HALVORSON; WENETA M.A. KOSMALA, Chapter 7 Trustee; DAN HALVORSON; JERRY ANN RANDALL,<br><br>Appellees. | No.　19-55816<br><br>D.C. No. 8:18-cv-00143-JVS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted November 16, 2020**
Pasadena, California

Before:　FERNANDEZ, PAEZ, and OWENS, Circuit Judges.

---

\*　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*　The panel unanimously concludes this case is suitable for decision without oral argument.　*See* Fed. R. App. P. 34(a)(2).

Grace Baek, Richard Baek, Baek 153, LLC, and Pacific Commercial Group, LLC (collectively, "the Baeks") appeal the district court's order affirming the bankruptcy court's order denying the Baeks' motion to recuse the bankruptcy judge in the main bankruptcy proceeding. We dismiss for lack of jurisdiction.

We lack jurisdiction to review the denial of the Baeks' motion to recuse the bankruptcy judge. Denial of a motion to recuse is not a final order. *See Stewart Enters., Inc. v. Horton (In re Horton)*, 621 F.2d 968, 970 (9th Cir. 1980); *United States v. Washington*, 573 F.2d 1121, 1122 (9th Cir. 1978). The pragmatic approach to finality in bankruptcy appeals under 28 U.S.C. § 158(d)(1) does not change this conclusion. *See Eden Place, LLC v. Perl (In re Perl)*, 811 F.3d 1120, 1126–27 (9th Cir. 2016); *SS Farms, LLC v. Sharp (In re SK Foods, L.P.)*, 676 F.3d 798, 802 (9th Cir. 2012). A bankruptcy court order is final under § 158(d)(1) when it "1) resolves and seriously affects substantive rights and 2) finally determines the discrete issue to which it is addressed." *Gugliuzza v. FTC (In re Gugliuzza)*, 852 F.3d 884, 894 (9th Cir. 2017) (internal quotation marks omitted). The order denying the Baeks' motion to recuse is not final; it merely preserves the status quo. The bankruptcy judge's actions "may be reviewed throughout the bankruptcy proceedings" and may be revisited later should additional grounds for recusal become apparent. *SK Foods*, 676 F.3d at 802; *see also Liteky v. United States*, 510

U.S. 540, 543, 114 S. Ct. 1147, 1151, 127 L. Ed. 2d 474 (1994).[1]

**DISMISSED.**

---

[1] The fact that the Baeks chose to file their recusal motion in the main bankruptcy proceeding rather than in the bankruptcy adversary proceedings where the alleged bases for recusal arose does not affect our conclusion.