FOR PUBLICATION

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

IN RE STEWART NEIL MAYER,

*Debtor*,

ROBERT J. HARRINGTON,

*Appellant*,

v.

STEWART NEIL MAYER,

*Appellee*.

No. 20-56340

D.C. No. 3:20-cv-01376-TWR

OPINION

Appeal from the United States District Court
for the Southern District of California
Todd W. Robinson, District Judge, Presiding

Argued and Submitted January 10, 2022
Pasadena, California

Filed March 8, 2022

Before: A. Wallace Tashima, Milan D. Smith, Jr., and
Paul J. Watford, Circuit Judges.

Opinion by Judge Tashima

## SUMMARY[*]

### Bankruptcy

The panel reversed the district court's order denying a debtor's motion for leave to appeal the bankruptcy court's order denying without prejudice a creditor's request for relief from the automatic stay.

The panel held that under *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582 (2020), an order denying a stay-relief motion is immediately appealable when it conclusively resolves the movant's entitlement to the requested relief. The panel concluded that, under the circumstances presented here and the considerations set forth in *Ritzen* and Ninth Circuit precedent, the bankruptcy court's order was final and appealable because the bankruptcy court's denial of the creditor's motion conclusively resolved the request for stay relief.

In a concurrently filed memorandum disposition, the panel concluded that the bankruptcy court did not abuse its discretion in denying stay relief.

The panel reversed the order of the district court and remanded with instructions to affirm the order of the bankruptcy court denying relief from the automatic stay.

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

R. Alan Fryer (argued), The Badger Law Group, Needham, Massachusetts; James P. Hill and Gary B. Rudolph, Sullivan Hill Rez & Engel, San Diego, California; for Appellant.

L. Scott Keehn (argued), Keehn Law Group, La Mesa, California, for Appellee.

## OPINION

TASHIMA, Circuit Judge:

In *Ritzen Group, Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582 (2020), the Supreme Court addressed the finality of a bankruptcy court order denying a creditor's request for relief from the automatic stay. The Court held that an order denying a stay-relief motion is immediately appealable when it "conclusively resolve[s] the movant's entitlement to the requested relief." *Id.* at 591. The Court, however, did "not decide whether finality would attach to an order denying stay relief if the bankruptcy court enters it 'without prejudice' because further developments might change the stay calculus." *Id.* at 592 n.4. Here, we address the finality of an order denying stay relief without prejudice. We conclude that, under the circumstances presented here and the considerations set forth in *Ritzen* and our precedent, the bankruptcy court's order was final and appealable because the bankruptcy court's denial of the creditor's motion conclusively resolved the request for stay relief. We

therefore reverse the district court's order denying the motion for leave to appeal.[1]

## I.

Robert J. Harrington and Stewart Neil Mayer formed two real estate companies in the 1990s, Nexum Development Corp. and Terrian, LLC. In September 2010, Mayer sued Harrington in Massachusetts state court, alleging breach of fiduciary duty and seeking to dissolve Nexum. Harrington filed a counterclaim, demanding a jury trial and alleging breach of fiduciary duty, breach of contract, fraudulent misrepresentation, and other violations of Massachusetts law. In August 2011, Mayer's sister filed a complaint in Massachusetts state court on behalf of the Mayer Family Trust against Terrian, Harrington, Janet Harrington in her capacity as manager of Terrian, and Mayer.[2] Harrington filed a counterclaim against Mayer and his sister and demanded a jury trial. The state court consolidated the actions in October 2011. Following lengthy and contentious discovery, a jury trial was set to commence on October 4, 2017.

On September 29, 2017, Mayer filed a Chapter 7 petition for bankruptcy in the Southern District of California. The Massachusetts court placed the state cases on inactive status because of the bankruptcy case.

Harrington filed a complaint in the bankruptcy court for denial of the discharge of debt under 11 U.S.C. §§ 523(a) and

---

[1] In a concurrently filed memorandum disposition, we conclude that the bankruptcy court did not abuse its discretion in denying stay relief.

[2] Janet Harrington and Mayer were named as Rule 19 defendants.

727(a). The complaint reiterated the allegations Harrington made against Mayer and Mayer's sister in the state actions and sought a determination of nondischargeability of Mayer's debts due to his alleged fraud and breach of fiduciary duty. Harrington also filed a proof of claim against Mayer for over $2 million, based on his state law claims for breach of fiduciary duty, breach of contract, fraud, and other violations of Massachusetts law.

In September 2018, Harrington filed a motion for relief from the automatic stay in order to allow the state court action to proceed. On July 1, 2019, the bankruptcy court entered a tentative ruling granting the motion, reasoning that judicial economy would be served because the state court, which was already familiar with the facts and issues, would determine the Mayer's liability to Harrington and liquidate Harrington's claim against the estate.

The bankruptcy trustee, Gerald Davis, urged the court to grant relief from the stay, in conjunction with approving two agreements he had reached with Harrington, granting the bankruptcy estate part of any proceeds recovered by Harrington in the state actions. Davis believed that the estate had a valid claim against the Stewart Mayer exempt portion trust because of an allegedly fraudulent transfer and that allowing the state cases to proceed would allow the estate to recover without incurring the expense of litigation by, as the bankruptcy court described it, "piggyback[ing]" onto Harrington's lawsuit. The bankruptcy court requested further information about the fraudulent conveyance claims before it would approve the agreements and therefore denied without prejudice the motions to approve the agreements. The court also vacated the tentative ruling as to the motion for relief from the stay and lifted the stay for the "limited purpose" of

allowing Mayer's counsel to take Harrington's deposition and Harrington's counsel to take Mayer's deposition. The court continued the hearing to September 19, 2019.

The court continued the matter several more times, on its own motion and for reasons including illness, negotiations between the parties, and discovery issues. On June 16, 2020, the bankruptcy court tentatively denied without prejudice the motion for relief from the stay to proceed with the Massachusetts litigation. Following a hearing, the court affirmed the tentative ruling, denying without prejudice Harrington's motion for relief from the stay as to the Massachusetts litigation, but granting Davis' motion.

Harrington filed a motion for leave to appeal. The district court denied leave to appeal on the grounds that the bankruptcy court's denial of the motion for relief from the stay was without prejudice and that Harrington failed to establish his entitlement to an interlocutory appeal. The district court accordingly remanded the matter to the bankruptcy court. The district court granted the parties' joint motion to hold the adversary proceeding in abeyance pending Harrington's appeal. Harrington now appeals, arguing that the bankruptcy court's denial of relief from the stay as to the Massachusetts litigation is a final order that is immediately appealable and that the denial of stay relief was an abuse of discretion.

## II.

"We review *de novo* the district court's ruling that a bankruptcy court's decision is not an appealable, final order." *Alexander v. Compton (In re Bonham)*, 229 F.3d 750, 761 (9th Cir 2000). Whether we have jurisdiction to review the

merits of the bankruptcy court's order also depends on whether the order was final. *Id.*; *see also* 28 U.S.C. § 158(d). "We have jurisdiction to determine our own jurisdiction and consider the issue de novo." *Phillips v. Gilman (In re Gilman)*, 887 F.3d 956, 961 (9th Cir. 2018).

## III.

In contrast to "ordinary civil litigation," the rules of finality in bankruptcy are "somewhat relaxed." *Bank of N.Y. Mellon v. Watt*, 867 F.3d 1155, 1157 (9th Cir. 2017); *see Eden Place, LLC v. Perl (In re Perl)*, 811 F.3d 1120, 1125 (9th Cir. 2016) (stating that in bankruptcy cases, "a pragmatic approach is warranted; the court uses a more flexible standard"). This is because "[a] bankruptcy case encompasses numerous 'individual controversies, many of which would exist as stand-alone lawsuits but for the bankrupt status of the debtor.'" *Ritzen*, 140 S. Ct. at 586 (quoting *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015)). Thus, "[o]rders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case." *Id.*

In *Ritzen*, similar to this case, the parties were embroiled for over a year in state litigation regarding breach of contract. *Id.* at 587. As here, "just days before trial was to begin," one party filed for bankruptcy. *Id.* The other party moved for relief from the stay in order to allow the state trial to proceed. The bankruptcy court denied the motion and, unlike here, the creditor did not immediately appeal the denial. *Id.* Instead, "[i]n pursuit of the breach-of-contract claim initially commenced in state court," the creditor filed a proof of claim. *Id.* After conducting an adversary proceeding, the bankruptcy court disallowed the claim against the bankruptcy estate. *Id.*

at 587–88. Only then did the creditor appeal, challenging both the order denying relief from the automatic stay and the bankruptcy court's resolution of the breach-of-contract claim. *Id.* at 588.

The Supreme Court agreed with the district court and the Sixth Circuit that the appeal of the stay-relief motion was untimely because the order denying stay relief was final and therefore immediately appealable. *Id.* The Court held that "the adjudication of a motion for relief from the automatic stay forms a discrete procedural unit within the embracive bankruptcy case," and that the decision "yields a final, appealable order when the bankruptcy court unreservedly grants or denies relief." *Id.* at 586.

Here, although the bankruptcy court stated that the denial was without prejudice, the record makes clear that the court "unreservedly denied relief." At the June 2020 hearing, the court told Harrington's counsel, "if the only purpose for your motion to stay relief is to go back [to the Massachusetts court] as to . . . Mayer-related issues that are being dealt with in the 727 action and the 523 action, then no, you're not getting relief from stay [for] that." The court further stated that "this matter is now ready for trial on the nondischargeability complaint in the [bankruptcy court] and should be scheduled for same." The bankruptcy court thus indicated its intention to address the claims at issue in the state litigation. The record shows that there are no "further developments" that "might change the stay calculus." *Id.* at 592 n.4.

The "relevant 'procedural unit'" in Harrington's appeal is the request for relief from stay in order to proceed to trial against Mayer in state court. *Id.* at 591. The court's decision

conclusively resolved the discrete issue of whether Harrington could obtain relief from the stay to proceed against Mayer in state court. As the Court explained in *Ritzen*, "[r]esolution of a motion for stay relief can have large practical consequences," including "the manner in which adversary claims will be adjudicated." *Id*. at 590. These consequences "are not matters of minor detail; they can significantly increase creditors' costs." *Id.*

By determining that Harrington's claims would be litigated in bankruptcy court in California rather than state court in Massachusetts, the decision "resolves and seriously affects substantive rights and . . . finally determines the discrete issue to which it is addressed." *SS Farms, LLC v. Sharp (In re SK Foods, L.P.)*, 676 F.3d 798, 802 (9th Cir. 2012) (quoting *Dye v. Brown (In re AFI Holding)*, 530 F.3d 832, 836 (9th Cir. 2008))). The court's order thus is final and appealable. *See Ritzen*, 140 S. Ct. at 590 ("Orders denying a plaintiff the opportunity to seek relief in its preferred forum often qualify as final and immediately appealable, though they leave the plaintiff free to sue elsewhere."); *In re Perl*, 811 F.3d at 1126–27 (explaining that where the bankruptcy court order was "a substantive ruling with real effects" and "determined the discrete issue of whether there was a stay violation," the order was "a final decision under our pragmatic approach to finality in the bankruptcy context"); *In re Bonham*, 229 F.3d at 762 (concluding that the bankruptcy court order was final and appealable where it "'resolve[d] and seriously affect[ed] substantive rights' of the parties," and was "of the sort that 'can cause irreparable harm if the losing party must wait until the bankruptcy court proceedings terminate before appealing'" (quoting *Allen v. Old Nat'l Bank of Wash. (In re Allen)*, 896 F.2d 416, 418–19 (9th Cir.1990))).

The bankruptcy court's statement that the denial of stay relief was without prejudice indicates that the court was willing to consider stay relief if sought for a different purpose, but not for the purpose of resolving Harrington's state claims against Mayer.  It does not mean the order was not final and appealable.  The decision of the district court concluding otherwise is reversed.

We reverse the order of the district court and remand with instructions to affirm the order of the bankruptcy court denying relief from the automatic stay.

**REVERSED  and  REMANDED  with INSTRUCTIONS.**