**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 27 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TOMMIE PATTERSON,

      Plaintiff - Appellant,

  v.

NICOLE JIPPING, Trustee,

      Defendant - Appellee.

No. 24-7644

D.C. Nos.

3:24-cv-00096-SLG
3:24-cv-00098-SLG

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Submitted May 26, 2026[**]

Before:     S.R. THOMAS, MILLER, and H.A. THOMAS, Circuit Judges.

Chapter 7 debtor Tommie Patterson appeals pro se from the district court's judgment affirming the bankruptcy court's order regarding the property of Patterson's bankruptcy estate. We have jurisdiction under 28 U.S.C. § 158(d). We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We do not consider the merits of the bankruptcy court's determination that Patterson's interest in his late wife's estate was property of Patterson's bankruptcy estate because Patterson did not address the grounds for the bankruptcy court's decision in his opening brief. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (explaining that "we will not consider any claims that were not actually argued in appellant's opening brief"); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992) (noting that issues not supported by argument in pro se appellant's opening brief are deemed abandoned).

The bankruptcy court did not abuse its discretion in denying Patterson's motion for disqualification of the bankruptcy judge because Patterson failed to establish any basis for relief. *See United States v. Hernandez*, 109 F.3d 1450, 1453-54 (9th Cir. 1997) (setting forth standard of review and discussing standard for recusal under 28 U.S.C. § 455).

We lack jurisdiction over the portion of the appeal challenging the bankruptcy court's order denying Patterson's motion for removal of the trustee and disqualification of trustee's counsel because the bankruptcy court's order was not final, and this court lacks discretion to consider interlocutory appeals. *See SS Farms, LLC v. Sharp (In re SK Foods, L.P.)*, 676 F.3d 798, 802 (9th Cir. 2012) (providing that a bankruptcy court order is final if it "resolves and seriously affects substantive rights and . . . finally determines the discrete issue to which it is

addressed" and holding that bankruptcy court orders denying removal of a trustee and disqualification of counsel are not final orders (citation and internal quotation marks omitted)); *Silver Sage Partners, Ltd. v. City of Desert Hot Springs (In re City of Desert Hot Springs)*, 339 F.3d 782, 787-88 (9th Cir. 2003) (explaining that "[i]t is within the discretion of the district court . . . to hear interlocutory appeals" from bankruptcy courts but "courts of appeals only have jurisdiction to review the 'final decisions, judgments, orders and decrees' entered by . . . district courts" (citing 28 U.S.C. § 158(d))).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**